King Coal Company and Robert Woods, Appellants *v.* Commonwealth of Pennsylvania, Appellee.

Argued March 12, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Bruno A. Muscatello, Stepanian & Muscatello,* for appellants.

*Stanley R. Geary, Assistant Counsel,* for appellee.

Opinion by Judge Rogers, May 16, 1984:

The King Coal Company, a partnership, and Robert Woods, its managing partner, have appealed from judgments of sentence following a jury verdict finding each guilty of operating a surface mine without a drainage permit, violations of Section 602(b) of the Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.602(b).[1]

On September 16, 1980 a surface mine inspector of the Commonwealth's Department of Environmental Resources (DER) determined that the King Coal Company was mining coal in an area not covered by its surface mining permit and reclamation bond.[2] The inspector ordered the off-permit mining to cease until a permit was obtained and bond posted. The foreman at the mine initially complied with the order, but after consulting with the company's headquarters, the unlawful mining resumed. The mine was reinspected on September 23, 1980 and September 25, 1980. Each time the inspector observed mining in an area outside of that covered by the company's surface mining permit and reclamation bond. The DER consequently suspended the company's mine drainage permit for its entire mining operation on September 26, 1980. The mine was reinspected on six separate occasions in early October, 1980, each time the inspector observed mining by the company despite the suspension of the mine drainage permit. On October 9, 1980 the DER

---

[1] The violations occurred prior to passage of the Act of October 10, 1980, P.L. 894, No. 157—the most recent amendment to the Clean Streams Law. All references are to the Act as it was prior to October 10, 1980.

[2] The Surface Mining Conservation and Reclamation Act, Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. §1396.1, requires a surface mine operator to obtain a surface mining permit and submit a bond to the Department of Environmental Resources to guarantee the reclamation of the mined area.

sought and obtained an injunction prohibiting mining at the site in the court of common pleas.

Robert Woods and the King Coal Company were each charged with six counts of willfully or negligently operating a surface mine without a mine drainage permit. Each count related to a day when mining was observed after the drainage permit was suspended; October 1, 3, 4, 5, 6 and 7 of 1980. After a consolidated jury trial, Robert Woods was found guilty on five counts and the King Coal Company was convicted on all six. The appellants filed post-verdict motions which, after a hearing before the court en banc, were denied. Judgments of fines of $2500 and one year probation on each count were imposed on each defendant.

The appellants allege that: (1) the Crimes Code, 18 Pa. C. S. §307, prohibits the bringing of criminal charges against the partnership, King Coal Company; (2) the Commonwealth failed to prove beyond a reasonable doubt that Robert Woods operated a surface coal mine without a drainage permit; (3) the trial judge erred in refusing to recuse; and (4) the trial judge erred in refusing to grant their petition for settlement.

Section 307(c) of the Crimes Code, 18 Pa. C. S. §307(c) provides, in pertinent part:

Unincorporated Associations—an unincorporated association may be convicted of an offense if:

(1) the offense is defined by statute other than this title which expressly provides for the liability of such an association and the conduct is performed by an agent of the association acting in behalf of the association within the scope of his office or employment, *except that if the law defining the offense designates the agents*

*for whose conduct the association is accountable or the circumstances under which it is accountable, such provisions shall apply; . . . .* (Emphasis supplied.)

The appellants, relying on the emphasized portion of Section 307(c), argue that because the Clean Streams Law, the Law defining the offense, imposes criminal sanctions upon the individual members of the partnership and not upon the partnership as a separate entity, the King Coal Company cannot be criminally liable for mining without a drainage permit.

This argument fails for two reasons: First, the emphasized portion of Section 307(c)(1) of the Crimes Code merely creates an exception to the requirement that the Commonwealth prove that the alleged criminal conduct was performed by an agent of the association acting in behalf of the association and within the scope of his office or employment. It does not say, as the appellants contend, that where the statute defining the offense imposes accountability on individual partners the partnership cannot be held accountable. Second, the defining statute, the Clean Streams Law, provides for the conviction of both a partnership and its individual partners for violations of the Act. Section 602(b) of the Clean Streams Law, 35 P.S. §691.-602(b), provides, in part:

Any person or municipality who willfully or negligently violates any provision of this act . . . is guilty of a misdemeanor of the third degree . . . .

Section 1 of the Clean Streams Law, 35 P.S. §691.1, defines a "person" as

[I]nclud[ing] any natural person, partnership, association or corporation. Whenever used in any clause prescribing and imposing a

penalty or imposing a fine or imprisonment, or both, the term person shall include the members of an association and officers of a corporation.

The appellants next contend that there is insufficient evidence of record to prove beyond a reasonable doubt that Robert Woods operated a surface coal mine without a drainage permit on the dates charged.

Evidence is sufficient to sustain a conviction if, accepting as true all evidence and all reasonable inferences upon which, if believed, the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant committed the offenses with which he was charged. *Commonwealth v. Horne,* 479 Pa. 496, 388 A.2d 1040 (1978). A person may be held legally accountable for the unlawful conduct of another when he causes that person to engage in proscribed conduct. *See* Section 306(c) of the Crimes Code, 18 Pa. C. S. §306(b). Furthermore, a partner is legally responsible for unlawful conduct which he causes to be performed on the partnership's behalf. *See,* Sections 325, 327 of the Uniform Partnership Act, 59 Pa. C. S. §§325, 327.

Our review of the record compels us to conclude that sufficient evidence exists from which the jury could have found that Robert Woods caused the agents and employees of the King Coal Company to conduct surface coal mining operations during the period that its drainage permit was suspended.

The Commonwealth adduced evidence that Woods was the managing partner of the King Coal Company; that on September 23, 1980 he informed a DER inspector that he would not order a halt to the mining and that he assumed all liability for the unlawful mining operations; that on October 2, 1980 DER officials informed Woods that the company's mine drainage permit had been suspended; that mining operations

continued despite the suspension of the permit; and that on October 10, 1980 Woods challenged the authority of an inspector from the Office of Surface Mining, a federal agency which had also ordered an end to the unlawful mining operations. Certainly, a jury could infer from this evidence that Woods was in charge of the company's mining operations and that he directed the employees of the company to perform the unlawful mining.

The appellants next contend that the trial judge improperly refused the prayer of their petition that he disqualify himself. The appellants' thesis is that since the trial judge had previously presided over a civil matter, the injunction proceeding, he should have disqualified himself from hearing the criminal charges. We disagree.

The decision of the trial judge not to recuse will not be disturbed on review except for an abuse of discretion. *Commonwealth v. Kane,* 199 Pa. Superior Ct. 89, 184 A.2d 405 (1962). Although recusal may be appropriate where a trial judge has been exposed to inflammatory evidence in prior proceedings involving the same party, where, as here, the appellants were tried by a jury, the integrity of the fact finding process is sufficiently insulated from any predispositions of the trial judge. *Commonwealth v. West,* 270 Pa. Superior Ct. 301, 411 A.2d 537 (1980). We observe that President Judge COFFROTH conducted the trial with perfect impartiality.

The appellants finally contend that the trial court erroneously refused to grant their motion for discharge filed pursuant to Pa. R. Crim. P. 315. Rule 315 settlements are limited in use to cases in which (1) no force or violence or threat thereof is present; (2) the aggrieved party has a remedy by civil action; and (3) it appears that the public interest will not be

materially affected. If these requirements are satisfied, a discharge may be ordered either upon showing that satisfaction has been made to the aggrieved party or upon application for discharge accompanied by an agreement between the aggrieved party and the defendant and the Commonwealth's attorney. *Commonwealth v. Alvarez*, 216 Pa. Superior Ct. 394, 268 A.2d 193 (1970). Here, the public interest would be affected by simply settling these environmental offenses. Moreover, there is no evidence either that the public interest has been satisfied or that the aggrieved party has agreed to settlement.

Judgments affirmed.

ORDER

AND Now, this 16th day of May, 1984, the judgments of fine and probation entered below are affirmed.