621 A.2d 1030

Kathy SMITH, Administratrix Ad Prosequendum of the Estate of Charles L. Smith, on Behalf of the Estate, Its Survivors and Dependents, and In Her Own Right, Appellant,

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL, Peter Schneider, M.D., Helena Boller–Watts, M.D., Eric L. Hume, M.D., Douglas Hutchinson, M.D., Lisa Rescigno, Dominic Buonfiglio, Harpers Bar, Corba's Saloon and William J. Barben, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 29, 1992.

Filed March 16, 1993.

42

Thomas A. Whelihan, Philadelphia, for Thomas Jefferson University Hosp., appellee.

Timothy R. Coyne, Philadelphia, for Rescigno, appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge.

This appeal is from the December 16, 1991 order granting appellees' motion for judgment on the pleadings and dismissing appellant's complaint with prejudice. Appellant, Kathy Smith, Administratrix of the estate of Charles S. Smith, presents two issues on appeal:

    I.  Whether the court below erred in granting defendants' motion for judgment on the pleadings where genuine issues

of material fact existed as to the intent of the parties in executing the release giving rise to defendants' motion. II. Whether the lower court erred in granting defendants' motion for judgment on the pleadings based upon *Brosius v. Lewisburg Craft Fair*, 383 Pa.Super. 454, 557 A.2d 27 (1989) when appellant's cause of action for malpractice alleges that a separate and distinct fatal injury occurred thereby raising the factual issue that the malpractice appellee committed a separate tort unrelated to the motor vehicle accident.

Appellant's brief at 3. For the following reasons, we affirm.

The facts in the instant case have been summarized by the lower court as follows:

This matter arose out of an automobile accident and the subsequent death of [appellant's] decedent, Charles L. Smith. In October, 1988, [appellant's] decedent was a passenger in an automobile owned and operated by William J. Barben, Jr. ("Barben"). [Appellant] alleged that Barben's vehicle was struck from behind by a vehicle operated by Lisa Rescigno in the northbound lanes of I–95 in Philadelphia County.

As a result of the accident, appellant's decedent sustained a fractured hip which required medical treatment and hospitalization. [Appellant's] decedent subsequently came under the care of the moving [appellees], suffered thromboembolism and died.

On or about April 13, 1989, [appellant] entered into and executed a General Release ("Release") of all claims against Barben. Under the terms of the Release, [appellant] also discharged "all other person, firms, corporations, associations or partnerships of an from any and all claims ... whatsoever."

Thereafter, approximately thirteen (13) months after [appellant] had executed the Release—during which time [appellant] never contested the validity of the Release—[appellant] alleged for the first time that the Release was invalid as to both Barben and [appellees]. Subsequently, [appellant] filed Complaints against Barben and the moving [appellees] on October 19, 1990 and January 24, 1991, respec-

tively. [Appellant] argued that she never intended to release the moving [appellees] and that, in fact, she was not aware of the [appellees'] alleged liability with respect to decedent's death at the time she signed the Release.

[Appellees] filed a Motion for Judgment on the Pleadings, arguing that [appellant] was precluded from maintaining a cause of action by the terms of the Release. [The lower court], by Order dated December 16, 1991, granted [appellees'] Motion and dismissed [appellant's] Complaint with prejudice.[1] This appeal ensured.

Trial Court Opinion, March 31, 1992 at 2–3.

Initially, it is well-settled that judgment on the pleadings is inappropriate if there are unknown or disputed issues of fact. Pa.R.Civ.P. 1034. Moreover, in determining this matter we recognize that:

A motion for judgment on the pleadings may be granted only in cases where no facts are at issue and the law is so clear that a trial would be a fruitless exercise. In addition, the court must view all well pled facts of the non-moving party as true and grant leave to amend if upon reviewing the pleadings the existence of a material facts appears ambiguous.

*Beardell v. Western Wayne School District,* 91 Pa.Commw. 348, 353, 496 A.2d 1373, 1375 (1985) (citing *Matthew–Landis v. Housing Authority,* 240 Pa.Super. 541, 361 A.2d 742 (1976)).

Appellant contends that the lower court erred in granting appellees' motion for judgment on the pleadings based upon the release entered into between appellant and Barben.[2]

---

1. On January 7, 1992, the lower court granted Barben's motion for summary judgment, finding that appellant was precluded from maintaining a cause of action under the terms of the Release.

2. The relevant provision in the release agreement entered into between appellant and Barben stated as follows:

   all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs … whatsoever, which the undersigned now has … or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily injuries ... and the consequences thereof resulting or to result from the accident …"

First, appellant argues that issues of material fact continue to exist as to whether the parties to the release were mutually mistaken as to its scope. *See Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 329–330, 561 A.2d 733, 735 (1989) (absent fraud, accident or mutual mistake, the release must be given its plain and ordinary meaning). Appellant's argument, however, is without merit.

Mutual mistake will afford a basis for reforming a contract. *Gocek v. Gocek,* 417 Pa.Super. 406, 612 A.2d 1004 (1992). Mutual mistake exists, however, only where "both parties to a contract [are] mistaken as to existing facts at the time of execution." *Loyal Christian Ben. Ass'n v. Bender,* 342 Pa.Super. 614, 618, 493 A.2d 760, 762 (1985); Restatement (Second) Contracts, Section 152 (1981). Moreover, to obtain reformation of a contract because of mutual mistake, the moving party is required to show the existence of the mutual mistake by evidence that is clear, precise and convincing. *Bugen v. New York Life Insurance Co.,* 408 Pa. 472, 475, 184 A.2d 499, 500 (1962).

In the instant case, appellant has failed to evince a mistake on the part of Barben, the other party to the release. Appellant merely asserts that she never intended to release parties other than Barben and his insurance carrier. It is clear from appellant's assertions that the only mistake which was made regarding the formation of the contract-release between appellant and Barben was her own. *See, e.g., Leyda v. Norelli,* 387 Pa.Super. 411, 413, 564 A.2d 244, 245 (1989) ("[U]nderestimating damages or making a settlement before damages are accurately ascertained is not considered a mutual mistake of fact.").

If a mistake is not mutual but unilateral and is not due to the fault of the party not mistaken, but to the negligence of the one who acted under the mistake, it affords no basis for relief in rescinding the contract-release. *McFadden v. American Oil Co.,* 215 Pa.Super. 44, 257 A.2d 283 (1969); *see also Rusiski v. Pribonic,* 511 Pa. 383, 515 A.2d 507 (1986).

Release dated April 13, 1989.

As appellant has failed to demonstrate the existence of mutual mistake, the lower court correctly found the terms of the release agreement between appellant and Barben controlling.

Appellant next asserts that the lower court improperly barred her action against appellees based on the release agreement because the present action rested upon a separate and distinct tort. Specifically, appellant argues that where a subsequent medical malpractice action alleges a new injury, as opposed to the aggravation of accident related injuries, the terms of the release agreement by plaintiff and the original tortfeasor are irrelevant. This same argument, however, was advanced in a case similar to the one at bar and rejected by this court.

In *Dublin by Dublin v. Shuster,* 410 Pa.Super. 1, 598 A.2d 1296 (1991), plaintiff was struck by an automobile and subsequently taken to defendant-hospital where he was placed under the care of defendant physicians. Plaintiff was diagnosed with a fractured left femur and a minor neck injury. Thereafter, however, as a result of the alleged negligence of the defendant physicians, plaintiff was required to undergo a spinal fusion.

While plaintiff was undergoing tests for his neck, but prior to his surgery, plaintiff's parents entered into a general release relieving the driver in consideration for $50,000. Approximately one year later, plaintiff instituted an action against the medical defendants claiming that "appellants' negligent treatment of their son's injuries provided a separate and distinct cause of action not precluded by the 1983 release." [3] *Id.,* at 5, 598 A.2d at 1298.

In rejecting the plaintiff's claim in *Dublin,* this court properly confined its inquiry to the terms of the prior release agreement. Thus, we held that as the subsequent injury to

3. The release agreement in *Dublin,* in relevant part, provided as follows:

> The undersigned agreed as a further consideration and inducement for this release and indemnity agreement, that it shall apply to all unknown and unanticipated *injuries and damages directly and indirectly resulting* from the said accident, as well as to those disclosed. *Id.* at 8, 598 A.2d at 1299 (emphasis added).

plaintiff was directly or indirectly the result of the underlying accident, the lower court erred in not granting defendant physicians' motion for summary judgment. Similarly, in the instant case, our determination as to whether the release between appellant and Barben bars appellant's present action is guided by the language of the release agreement. *See Buttermore supra,* 522 Pa. at 328, 561 A.2d at 735 ("However improvident their agreement may be or subsequently prove for either party, their agreement . . . is the law of their case.").

■ In the case at bar, the release agreement releases all persons from all claims "growing out of any and all known and unknown, foreseen and unforeseen bodily injuries . . . and the consequences thereof resulting or to result from the accident. . . ." Therefore, the issue is whether appellant's medical malpractice claim against the appellees arose as a result of the underlying accident. We find that it did, and, therefore, appellant's claim against appellees is barred by the release agreement.

In appellant's complaint, she avers that the decedent sought medical attention from appellees in an attempt to treat and cure his injury, a fractured hip, sustained in the underlying motor vehicle accident. She further states that appellees negligent treatment of decedent occurred during the course of treatment. "[Appellant] while undergoing orthopedic manipulation of the hip, was caused to suffer thromboembolism which condition resulted solely from the dislodging of a blood clot during the orthopedic manipulation of deceased [appellant's] hip." Appellant's Complaint at 6. It is clear that appellant's present cause of action against appellees results from the treatment decedent sought as a consequence of his automobile accident. Appellant's claim against appellees, therefore, falls clearly within the language of the release. Thus, we find that the lower court properly granted appellees' motion for judgment on the pleadings.

For the foregoing reasons, we affirm.

Affirmed.