632 A.2d 607

**Kenneth HANSELMAN, Darryl Lengle and Marco Gasper**

v.

**CONSOLIDATED RAIL CORPORATION, Department of Transportation, Commonwealth of Pennsylvania, Public Utilities Commission, Harmar Township and Allegheny County, Mark Schubert.**

**Appeal of CONSOLIDATED RAIL CORPORATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Sept. 29, 1993.

570

David P. Helwig, for appellant.

No appearance, for appellees.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Consolidated Rail Corporation (Conrail) appeals from an October 22, 1990 order of the Court of Common Pleas of Allegheny County which granted summary judgment to additional defendant Mark Schubert and dismissed all claims against him filed by Kenneth Hanselman and Marco Gasper arising out of an automobile accident as well as all claims of the original defendants filed against Schubert which derived from Hanselman and Gasper's claims.[1] The issues Conrail presents in this appeal are whether the trial court committed an error of law by granting Schubert's summary judgment motion where releases signed by Hanselman and Gasper did not extinguish Schubert's liability to Conrail for contribution; by granting Schubert's motion for summary judgment where Schubert's continued presence as a party is necessary in order to determine the effect to be given the releases signed by Hanselman and Gasper; and by denying Conrail's motion for summary judgment.

1. Conrail initially filed its appeal with the Superior Court which by order dated February 28, 1991, sua sponte transferred the case to this Court.

On September 24, 1987, Schubert was operating an automobile in which Hanselman, Gasper and Darryl Lengle (collectively Plaintiffs) were passengers when the vehicle was struck by a Conrail train. On June 1, 1988 and August 7, 1989, respectively, Hanselman and Gasper signed releases specifically discharging "Donna P. Eggers [owner of the vehicle], Mark Schubert and Erie Insurance Group ... and any and all other persons, firms, corporations, associations of and from any and all causes of action, suits, rights, judgments, claims and demands of whatsoever kind ... arising out of the accident on or about September 24, 1987...." The releases provided for settlement of Hanselman's claims for $100,000 and Gasper's claims for $25,000. Plaintiffs filed a complaint on April 24, 1989 against Conrail, the Department of Transportation, the Public Utilities Commission, Harmar Township and Allegheny County. Conrail filed a complaint joining Schubert as an additional defendant alleging that Schubert was solely liable to Plaintiffs or, alternatively, that Schubert was liable to Conrail for contribution.

Schubert filed new matter declaring that he could not be liable to Hanselman or Gasper or any other parties for contribution and/or indemnity for Hanselman and Gasper's claims because of the settlements reached. During depositions on April 12, 1990, Hanselman and Gasper testified that although they read, reviewed with counsel and signed the releases, they thought the releases only pertained to the people specifically mentioned. Schubert and Conrail filed motions for summary judgment predicated on the releases.

Although the trial court determined that the releases were not general releases in that Hanselman and Gasper did not intend to release any defendants not specifically listed, it granted Schubert's motion for summary judgment and also dismissed Conrail's claims for contribution derived from Hanselman and Gasper's claims. By separate order dated October 25, 1990, the trial court denied Conrail's motion for summary judgment and thereafter refused Conrail's request to certify the order for appeal pursuant to Section 702(b) of the Judicial Code, *as amended,* 42 Pa.C.S. § 702(b). On appeal to this

Court, Conrail first argues that the trial court erred in granting summary judgment to Schubert and dismissing Conrail's claims for contribution because if the release is a joint tortfeasor release, Conrail is entitled to seek contribution from Schubert as an additional defendant. Conrail alternatively argues that if the release is a general release, the trial court erred in denying its motion for summary judgment since any possible liability of Conrail to Hanselman and Gasper was extinguished by the release.

In reviewing a grant of summary judgment, this Court's scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Agostine v. School Dist. of Philadelphia,* 106 Pa.Commonwealth Ct. 492, 527 A.2d 193, *appeal denied,* 517 Pa. 610, 536 A.2d 1334 (1987). Summary judgment shall be rendered only in cases wherein there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Beardell v. Western Wayne School Dist.,* 91 Pa.Commonwealth Ct. 348, 496 A.2d 1373 (1985). Further, when reviewing a trial court's grant of summary judgment, this Court must view the evidence in the light most favorable to the nonmoving party and resolve any doubts against the entry of summary judgment. *See Himes v. New Enterprise Stone & Lime Co., Inc.,* 399 Pa.Superior Ct. 301, 582 A.2d 353 (1990), *appeal denied,* 527 Pa. 617, 618, 590 A.2d 758 (1991).

Section 8326 of the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. § 8326, provides:

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

In addition, the right of contribution exists among joint tortfeasors. 42 Pa.C.S. § 8324(a). The release of one tort-feasor by the injured party does not relieve that tort-feasor from liability for contribution to another tort-feasor "unless the

release is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued and provides for a reduction to the extent of the pro rata share of the released tort-feasor of the injured person's damages recoverable against all the other tort-feasors." 42 Pa.C.S. § 8327.

This Court notes that the releases make no provisions for Hanselman or Gasper's future recovery against other tort-feasors which would provide the bases for determining whether the releases constitute pro rata or pro tanto joint tort-feasor releases.[2] Therefore, if the releases Hanselman and Gasper executed only pertain to the liability of the parties identified therein and do not release the other defendants, the trial court erred in granting Schubert's motion for summary judgment because Conrail is permitted to seek contribution from Schubert pursuant to 42 Pa.C.S. § 8327 and his continued presence in the case is necessary in order to determine and allocate damages. *See Davis v. Miller,* 385 Pa. 348, 123 A.2d 422 (1956); *Wirth v. Miller,* 398 Pa.Superior Ct. 244, 580 A.2d 1154 (1990), *appeal granted,* 527 Pa. 628, 635, 637, 592 A.2d 1296, 1303, 1304 (1991).

It is well settled that the effect of a release must be determined from the ordinary meaning of its language. *Wolbach v. Fay,* 488 Pa. 239, 412 A.2d 487 (1980); *Hasselrode v. Gnagey,* 404 Pa. 549, 172 A.2d 764 (1961). There is no requirement that all of the parties to be discharged from liability are specifically named within a release if the terms of the release clearly extend to other parties. *Estate of Bodnar,* 472 Pa. 383, 372 A.2d 746 (1977). The Pennsylvania Supreme Court has held that when the terms of a release discharge all claims and parties, the release is applicable to all tort-feasors

2. *See Wirth,* 398 Pa.Superior Ct. 244, 580 A.2d 1154 (1990) (plaintiffs obtained from settling tort-feasor a pro tanto release providing that if they should recover a verdict jointly against settling tort-feasor and other defendants, the recovery would be reduced only to the extent of the amount of money paid to plaintiffs for the release irrespective of the apportionment of pro rata liability determined by a trier of fact); *Charles v. Giant Eagle Mkts.,* 513 Pa. 474, 522 A.2d 1 (1987) (plaintiff obtained from settling tort-feasor a pro rata release providing that any recovery he would obtain against any other person would be reduced to the extent of the settling tort-feasor's pro rata share of damages).

despite the fact that they were not specifically named and did not contribute toward the settlement. *See Buttermore v. Aliquippa Hosp.,* 522 Pa. 325, 561 A.2d 733 (1989); *Wolbach; Hasselrode.*

Moreover, a party seeking to reform a release is required to show fraud or mutual mistake by clear, precise and convincing evidence. *Wolbach.* Mutual mistake exists where both parties to a contract are mistaken as to existing facts at the time of execution. *Smith v. Thomas Jefferson Univ. Hosp.,* 424 Pa.Superior.Ct. 41, 621 A.2d 1030 (1993). The release in *Buttermore* discharged from liability Frances Moser, who was involved in an automobile accident with Buttermore, and "any and all other persons, associations and/or corporations." The plaintiff later sued other parties and argued that it was not his intention by signing the release to discharge the other parties from liability. However, the Supreme Court held that the plaintiff did not establish fraud or mutual mistake and the language contained in the release was applicable to all tort-feasors despite the fact they were not specifically named. The Court reiterated that the effect given a release is determined from the ordinary meaning of its language.[3]

The releases in the matter sub judice, like the release in *Buttermore,* are general releases and are not ambiguous as they clearly and unequivocally state that Hanselman and Gasper agreed to release their claims not only against those named within the document but also the defendants who were later sued. *See also Hasselrode.* Furthermore, Hanselman and Gasper have not pled any actual misrepresentation to constitute fraud or facts which would provide a basis for a finding of mutual mistake, and therefore the releases cannot be reformed to joint tort-feasor releases. *See Blanchfield v.*

**3.** In *Wolbach,* the plaintiffs argued that the release was procured by fraud because an insurance agent failed to fully explain the effect of the release and therefore the plaintiffs did not know they were releasing anyone other than the parties named in the release. The Court determined there was no fraud because there was no allegation of an actual misrepresentation and one of the plaintiffs admitted in deposition that she had an opportunity to read the release and understood it.

*Department of Transportation,* 100 Pa.Commonwealth Ct. 62, 513 A.2d 1156 (1986), *appeal denied,* 514 Pa. 649, 524 A.2d 495 (1987) (mutual mistake occurred as names which had been included in the release were deleted and the plaintiff expressed in a letter sent with the release an intention to discharge only the party specifically named).

Consequently, the trial court erred in determining that the releases do not constitute general releases discharging all parties from liability for Hanselman and Gasper's claims arising out of the September 24, 1987 accident. *See* 42 Pa.C.S. § 8326. However, this Court may affirm a decision of a trial court on any ground if the result it reached is correct without regard to the ground upon which the trial court relied. *E.J. McAleer & Co., Inc. v. Iceland Products, Inc.,* 475 Pa. 610, 381 A.2d 441 (1977); *Kniaz v. Benton Borough,* 112 Pa.Commonwealth Ct. 416, 535 A.2d 308 (1988). Since there is no genuine issue of material fact regarding whether Hanselman and Gasper signed the respective releases, and they clearly constitute general releases relieving any and all other persons, firms, corporations or associations from liability arising out of the accident, there can be no claim for contribution against Schubert. Accordingly, the order of the trial court is affirmed.[4]

## ORDER

AND NOW, this 29th day of September, 1993 the October 22, 1990 order of the Court of Common Pleas of Allegheny County is affirmed.

---

4. On December 23, 1992, this Court issued an order granting Plaintiffs' motion to quash the portion of Conrail's appeal which pertains to the trial court's October 25, 1990 order denying it summary judgment as that order was interlocutory and was not appealed pursuant to Section 702(b) of the Judicial Code and Pa.R.A.P. 1311. Therefore, this Court has no jurisdiction to decide an appeal from the October 25, order, irrespective of the trial court's opinion filed in connection with this appeal which explains the October 25 order, and cannot reverse that order in this proceeding. Conrail must consequently return to the trial court for appropriate relief consistent with the ruling herein.