Kenneth HANSELMAN, Darryl
Lengle and Marco Gasper

v.

CONSOLIDATED RAIL CORPORATION,
Pennsylvania Department of Transpor-
tation, Commonwealth of Pennsylvania
Public Utilities Commission, Harmar
Township and Allegheny County.

Appeal of CONSOLIDATED RAIL
CORPORATION, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 5, 1995.

Decided Aug. 30, 1995.

David P. Helwig, for appellant.

Larry P. Gaitens, for appellee Kenneth
Hanselman.

Before COLINS, President Judge,
KELLEY, J. and SILVESTRI, Senior
Judge.

KELLEY, Judge.

Consolidated Rail Corporation (Conrail)
appeals by permission an interlocutory order
of the Court of Common Pleas of Allegheny
County (trial court) denying Conrail's motion
in limine.

The history of this case has been set forth
previously by this court in *Hanselman v.
Consolidated Rail Corporation*, 158 Pa.Com-
monwealth Ct. 568, 632 A.2d 607 (1993)
(hereinafter referred to as "*Hanselman I*").
The facts set forth in *Hanselman I* and the
procedural history relevant to the present
appeal are as follows.

On September 24, 1987, Mark Schubert
was operating an automobile in which Ken-
neth Hanselman, Marco Gasper and Darryl
Lengle (collectively, plaintiffs) were passen-
gers when the vehicle was struck by a Con-
rail train. On June 1, 1988 and August 7,
1989, respectively, Hanselman and Gasper

signed releases specifically discharging the owner of the vehicle, Schubert and Erie Insurance Group and any and all other persons, firms, corporations, associations of and from any and all causes of action, suits, rights, judgments, claims and demands of whatsoever kind arising out of the accident on or about September 24, 1987.

On April 24, 1989, plaintiffs filed a complaint against Conrail, the Pennsylvania Department of Transportation, the Public Utility Commission, Harmar Township and Allegheny County. Conrail filed a complaint joining Schubert as an additional defendant.

Schubert filed new matter declaring that he could not be liable to Hanselman or Gasper or any other parties for contribution and/or indemnity because of the settlements reached. During depositions on April 12, 1990, Hanselman and Gasper testified that although they read, reviewed with counsel and signed the releases, they thought the releases only pertained to the people specifically mentioned. Schubert and Conrail filed motions for summary judgment predicated on the releases.

The trial court, the Honorable Robert P. Horgos, determined that the releases were not general releases in that Hanselman and Gasper did not intend to release any defendants not specifically listed. Since Schubert was specially listed in the release, Judge Horgos granted Schubert's motion for summary judgment and dismissed Conrail's claims for contribution derived from Hanselman's and Gasper's claims by order of October 22, 1990. By separate order dated October 25, 1990, Judge Horgos denied Conrail's motion for summary judgment and thereafter refused Conrail's request to certify the order for appeal pursuant to section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b).[1]

Conrail appealed the October 22, 1990 order granting Schubert's motion for summary judgment to this court. On December 23, 1992, this court issued an order quashing the portion of Conrail's appeal which pertained to Judge Horgos' October 25, 1990 order denying Conrail's motion for summary judgment as that order was interlocutory and was not appealed pursuant to section 702(b) of the Judicial Code and Pa.R.A.P. 1311.[2]

In *Hanselman I* this court, citing *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989), held that the releases executed by Hanselman and Gasper were general releases which discharged all parties from liability for Hanselman's and Gasper's claims arising out of the September 24, 1987 accident. *Hanselman,* 158 Pa.Commonwealth Ct. at 574–75, 632 A.2d at 610. Consequently, we concluded that the trial court had erred in determining that the releases did not constitute general releases but we affirmed Judge Horgos' October 25, 1990 order, as this court may affirm a decision of a trial court on any ground if the result it reached is correct without regard to the ground upon which the trial court relied. *Id.* Accordingly, we held that since there was no genuine issue of material fact regarding whether Hanselman and Gasper signed the respective releases, and they clearly constituted general releases relieving any and all other persons, firms, corporations or associations from liability arising out of the accident, there could be no claim for contribution against Schubert. *Id.*

However, this court noted that since the portion of Conrail's appeal pertaining to the October 25, 1990 order had been quashed, this court lacked jurisdiction to decide an appeal therefrom and could not reverse that order in Conrail's appeal from the October

---

1. Section 702(b) provides:

   **(b) Interlocutory appeals by permission.—** When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

2. Rule 1311 governs interlocutory appeals by permission and provides, in relevant part, that an appeal may be taken by permission under 42 Pa.C.S. § 702(b) *from any interlocutory order of a lower court or other government unit.* Pa. R.A.P. 1311(a).

22, 1990 order. *Id.* at 575 n. 4, 632 A.2d at 610 n. 4. Moreover, this court pointed out that Conrail must return to the trial court for appropriate relief consistent with our ruling in *Hanselman I* with respect to Conrail's appeal of the October 22, 1990 order. *Id.*

On October 5, 1993, Conrail filed a motion requesting Judge Horgos to reconsider his October 25, 1990 order in light of this court's opinion in *Hanselman I.* Judge Horgos denied Conrail's motion to reconsider by order dated December 3, 1993. On December 29, 1993, Conrail filed a motion requesting Judge Horgos to amend his December 3, 1993 order and certify the order for appeal pursuant to section 702(b) of the Judicial Code so as to permit Conrail to file a petition for permission to appeal pursuant to Pa.R.A.P. 1311. On January 14, 1994, Judge Horgos denied Conrail's motion to amend.

Subsequently, Hanselman's case was listed for trial on November 29, 1994. Conrail estimated that the trial could take five to six days. On November 16, 1994, Conrail presented a motion in limine to the calendar control judge, the Honorable Bernard J. McGowan, to preclude Hanselman from offering any evidence at trial concerning either liability or damages on the basis that the release signed by Hanselman was a general release. The motion was denied by order of Judge McGowan on November 16, 1994. The case was then assigned for trial before the Honorable Eugene B. Strassburger, III, and Conrail again presented the same motion in limine.

Judge Strassburger denied Conrail's motion in limine on January 9, 1995 but certified his order, *sua sponte,* for appeal pursuant to section 702(b) of the Judicial Code. Thereafter, Conrail filed with this court a petition for permission to appeal an interlocutory order pursuant to Pa.R.A.P. 1311 on January 20, 1995. This court granted Conrail's petition by order dated February 14, 1995 and by amended order of February 21, 1995 to address the issue of whether the trial court properly denied Conrail's motion in limine.

In an opinion dated May 24, 1995 filed with this court pursuant to Pa.R.A.P. 1925 [3] explaining his reasons for denying Conrail's motion in limine, Judge Strassburger stated that he denied Conrail's motion in deference to the rule that it is improper for a trial judge to overrule an order of another judge of the same court, involving the same issue, absent new evidence.[4] However, Judge Strassburger also stated that he recognized that this court's holding in *Hanselman I,* that the releases executed by Hanselman and Gasper were general releases as to all claims and parties, was the law of the case.

Judge Strassburger pointed out that a five to six day trial would be a waste of everyone's time and money; therefore, he certified his order for interlocutory appeal in the hope that it would be reversed and stayed all proceedings. Accordingly, Judge Strassburger is of the opinion that permission to appeal having been granted by this court, his reluctant order of January 9, 1995 should be reversed. We agree.

■ The fact that Conrail has had to return to this court for relief after our unambiguous holding in *Hanselman I* has resulted in waste of party and judicial resources. The law of this case was established when this court filed its decision in *Hanselman I.* When Conrail returned to the trial court and requested that Judge Horgos reconsider his October 25, 1990 order, Judge Horgos should have granted Conrail's motion. A trial court must strictly comply with the mandate of the appellate court and issues decided by an appellate court on a prior appeal will not be reconsidered on a second appeal. *See Nigro v. Remington Arms Co., Inc.,* 432 Pa.Superior Ct. 60, 637 A.2d 983 (1993), *appeal dismissed,* 540 Pa. 49, 655 A.2d 505 (1995).

---

**3.** Rule 1925 provides, in pertinent part, that
    **(a) General Rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.
    Pa.R.A.P. 1925(a).

**4.** *See Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 177, 525 A.2d 864, 866 (1987).

It is clear that Judge Horgos chose to ignore this court's holding in *Hanselman I*. Judge Horgos' failure to follow the law of the case by denying Conrail's motion for reconsideration resulted in Conrail presenting successive motions in limine to the calendar control judge and the trial judge which were denied in respect to the "deference rule."

We recognize that the deference rule relied upon by Judges McGowan and Strassburger is generally followed and the purpose of such a rule is to provide some finality to the determination of all pre-trial applications so that judicial economy and efficiency can be maintained. *Farber.* However, in the present case, the adherence to the deference rule has only perpetuated inefficiencies within the judicial system. This matter would have been avoided had Judge Horgos followed the law of the case set forth in *Hanselman I*.

Accordingly, we reverse Judge Strassburger's order of January 9, 1995, and remand this matter to the trial court for the entrance of an order granting Conrail's motion in limine and entering a non-jury verdict in favor of all defendants.

### ORDER

NOW, this 30th day of August, 1995, the order of the Court of Common Pleas of Allegheny County, dated January 9, 1995, at No. G.D. 89–06788, is reversed and this matter is remanded for disposition in accordance with the foregoing opinion.

Jurisdiction relinquished.