### Herbert E. WEEAST and Marlene Weeast, his wife, Appellants

v.

### BOROUGH OF WIND GAP, Commonwealth of Pennsylvania, Department of Transportation, Robert Rissmiller and Sally Rissmiller, his wife.

Commonwealth Court of Pennsylvania.

Argued April 18, 1996.

Decided June 6, 1996.

Dennis A. DeEsch, for Appellants.

Alyssa Lopiano–Reilly, for Appellee, Borough of Wind Gap.

Before COLINS, President Judge, KELLEY, J., and LORD, Senior Judge.

COLINS, President Judge.

Herbert E. Weeast and Marlene Weeast, his wife, (Appellants) appeal from the July 19, 1995 order of the Court of Common Pleas of Northampton County (trial court), which denied Appellants' motion for post-trial relief and modified a judgment that Appellants previously won against the Borough of Wind Gap (Borough).

The following facts have produced the instant appeal. On November 3, 1987, Appellants instituted an action against the Borough, the Commonwealth of Pennsylvania, and Robert and Sally Rissmiller for damage sustained to their real property as a result of flooding caused by runoff from the Borough's and the Commonwealth's property. On September 25, 1990, a judgment at bar (consent decree) was entered in which the Borough agreed to pay Appellants $2,000.00 and to

rechannel the water flow away from Appellants' property.[1]

On or about October 18, 1991, the Borough filed a petition to open the judgment at bar and to modify the settlement agreement. The Borough contended that because of its inability to complete required application procedures, it was unable to complete repairs by the December 31, 1991 deadline. On January 8, 1992, the trial court granted the Borough an extension until May 19, 1992, for completion of the necessary repairs. Additionally, the trial court directed that if the Borough failed to complete the mandated repairs by May 19, 1992, it would pay Appellants $100.00 for each calendar day that the repair work was not completed. Exceptions filed by the Borough to this order were denied by the trial court on May 18, 1992. The trial court again instructed the Borough to pay Appellants $100.00 for each calendar day that the work was not finished, but extended the date for completion to June 19, 1992.

The Borough filed an appeal to this Court, which by order and opinion dated February 5, 1993, affirmed the trial court's order, including the $100.00–per–day penalty to be paid by the Borough to Appellants. See this Court's opinion in *Weeast I*, referenced in footnote No. 1.

Finally, as of November 23, 1993, a period of 521 days after the June 19, 1992 deadline date set by the trial court, the Borough completed the repair work. On March 4, 1994, Appellants filed a petition to enforce compliance with the trial court's order and requested entry of judgment against the Borough in the amount of $52,100.00, based on the 521 days extending beyond the court-ordered deadline date.

On July 5, 1995, the trial court modified its prior orders and directed the prothonotary to enter judgment for Appellants in the amount of $2,000.00 with interest calculated from September 25, 1990, plus a penalty of $14,-033.33 with interest calculated from November 23, 1993. Appellants filed a motion for post-trial relief from that order on July 14, 1995. The trial court, on July 19, 1995, modified its July 5, 1995 order by increasing the amount of penalty from $14,033.33 to $17,366.66 with interest calculated from November 23, 1993. It is from this order that Appellants now appeal.

■ Before us for determination is whether the trial court erred in its July 5th and July 19th, 1995 orders reducing the assessed amount of Appellants' damages once this Court affirmed the trial court's January 8, 1992 compliance order and penalty assessment. Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Bristol Township v. Lower Bucks County*, 130 Pa.Cmwlth. 240, 567 A.2d 1110 (1989).

It is Appellants' position that once this Court affirmed the trial court's January 8, 1992 order, the trial court lacked authority to modify the damage award and therefore erred in failing to follow the "law of the case" as established by our 1993 appellate ruling in *Weeast I*. We concur.

■ In *Hanselman v. Consolidated Rail Corporation*, 664 A.2d 680 (Pa.Cmwlth.1995), this Court reasserted what has become known as the "law of the case doctrine," which provides that "[a] trial court must strictly comply with the mandate of the appellate court and issues decided by an appellate court on a prior appeal will not be reconsidered on a second appeal." *Id.* at 682. Similarly, in *Spang & Company v. USX Corporation*, 410 Pa. Superior Ct. 254, 599 A.2d 978, 980 (1991), *petition for allowance of appeal denied*, 531 Pa. 640, 611 A.2d 712 (1992), the Superior Court noted that "a decision by an appellate court on a prior appeal becomes res judicata, the law of the case, and therefore unamenable to further review."

■ Clearly, by modifying the assessed damage award after it was affirmed by this Court on appeal in 1993, the trial court would contravene the foregoing precedent. In this

---

**1.** The present matter brought by Appellants, similar to their previous appeal docketed at 1282 C.D.1992 and the subject of this Court's opinion in *Weeast v. Borough of Wind Gap*, 153 Pa. Cmwlth. 330, 621 A.2d 1074 (1993), (*Weeast I* ),

focused solely on the legal duties owed by the Borough as delineated by the Common Pleas orders. As in *Weeast I*, the Commonwealth of Pennsylvania is not a party in this appeal.

regard, we note many contradictions in the trial court's opinion. For example, the trial court stated that "the fifty-two thousand one hundred dollar ($52,100) figure [in penalties] is beyond the contemplation of plaintiffs in bringing the suit" and it recommended "adjustment of the cumulative penalty to a third of the fifty-two thousand one hundred dollars ($52,100) sought by plaintiffs." At the same time, the trial court unequivocally acknowledged that "the Commonwealth Court has finally ruled upon the issue of the assessment itself, and this court is without authority to modify that appellate ruling."

The trial court's concern that Appellants be precluded from receiving a windfall as a result of its original January 8, 1992 order was misplaced in light of the fact that the Borough exceeded its second repair deadline by 521 days. Considering the controlling effect of appellate rulings as stated in *Hanselman* and in *Nigro v. Remington Arms Co., Inc.*, 432 Pa. Superior Ct. 60, 637 A.2d 983 (1993), *appeal dismissed*, 540 Pa. 49, 655 A.2d 505 (1995), judgment should be entered for Appellants in the amount of $52,100.00, pursuant to this Court's 1993 affirmance of the trial court's initial order imposing the $100.00 daily penalty upon the Borough if it exceeded its deadline date. Any financial distress to the Borough has been caused by the Borough's initial callousness to Appellants' problem and magnified by the Borough's subsequent arrogance towards the lawful orders of both the trial and appellate courts.

Accordingly, we reverse the trial court's order and direct that it enter judgment for Appellants and against the Borough in the amount of $52,100.00.

### ORDER

**AND NOW,** this 6th day of June, 1996, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is reversed, and the trial court is directed to enter judgment for Appellants and against the Borough in the amount of $52,100.00.