Walter HOLT, Jr., Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 12, 1996.
Decided June 20, 1996.

**422**

Paul A. Tershel, for Petitioner.

Jason W. Manne, Assistant Counsel, for Respondent.

Before COLINS, President Judge, SMITH, J., and RODGERS, Senior Judge.

SMITH, Judge.

Walter Holt petitions for review of an order of the Board of Claims (Board) that entered judgment in favor of the Department of Public Welfare (DPW) after determining that Holt executed a release which absolved DPW of liability from any claims arising out of Holt's employment. The issues presented here are whether the Board erred in applying a 1992 release involving criminal charges to bar Holt's pending breach of contract action, where the release was allegedly executed pursuant to a mutual mistake of the parties; and whether it was against public policy for DPW to use the promise of dismissal of criminal charges as an inducement to Holt to sign a release to civil claims he may have against DPW.

Holt began working for DPW in 1975 and was eventually promoted to the position of Guardian Officer, where he handled the financial affairs of mentally ill patients. On December 13, 1980, Holt was arrested and charged with issuing a bad check, theft by deception and criminal conspiracy. As a result, Holt was suspended and subsequently terminated from his position as Guardian Officer. Holt's supervisor advised Holt that if he were cleared of criminal charges he would be reinstated to his job. Holt was ultimately convicted of one count of issuing a bad check, but the Superior Court reversed Holt's conviction and ordered a new trial. The criminal charges against Holt were thereafter dismissed by the trial court. DPW, however, did not reinstate Holt.

■ On October 29, 1987, based upon his former supervisor's promise of reinstatement, Holt commenced a breach of contract action against DPW, which was transferred from the common pleas court to the Board. In the interim, Holt obtained employment with DPW as a welfare caseworker. In 1990 Holt was charged with fraudulently obtaining welfare benefits for his son and was terminated by DPW. During trial on the 1990 criminal charges the parties entered into an agreement in which the prosecutor agreed to withdraw the charges against Holt, and Holt agreed to release DPW and discontinue and

withdraw any other action filed against DPW of any kind. Both Holt and DPW executed the release and agreement, which became effective May 1, 1992. Although the Board determined that DPW was estopped from denying its promise to Holt to reinstate him if he were cleared of the criminal charges relating to the bad check, the Board nevertheless concluded that the general release and agreement was valid and released DPW from liability of any kind arising from the employment agreement between Holt and DPW.[1]

■ Holt first contends that the release is invalid because it was signed as the result of a mutual mistake by the parties. Holt maintains that neither party intended the May 1992 release to apply to his pending breach of contract action against DPW. Instead, Holt claims that the parties intended the release to apply only to a pending grievance arising out of Holt's employment as a caseworker. To support his contention, Holt states that the assistant district attorney, Holt's criminal defense attorney and the trial court judge knew that Holt would not drop the pending breach of contract action. DPW, to the contrary, contends that the Board was correct in determining that there was no mutual mistake as to any fact regarding the execution of the release.

■ In *Hanselman v. Consolidated Rail Corp.*, 158 Pa.Cmwlth. 568, 632 A.2d 607 (1993), this Court stated that a party seeking to invalidate a release is required to show fraud or mutual mistake by clear, precise and convincing evidence. Mutual mistake exists where both parties to a contract are mistaken as to the existing facts at the time of execution of the contract. *Id.* If a mistake is unilateral and is not due to the fault of the party not mistaken but rather to the negligence of the party who acted under the mistake, the unilateral mistake affords no basis for rescinding the release. *Smith v. Thomas Jefferson University Hospital*, 424

Pa. Superior Ct. 41, 621 A.2d 1030, *appeal denied*, 535 Pa. 638, 631 A.2d 1009 (1993).

■ Here, there is substantial evidence to support the Board's determination that there was no mistake on the part of DPW and that DPW knew exactly what the effect of the language of the release would be. The assistant district attorney who drafted the release testified that he submitted the release to DPW's Bureau of Special Investigations, which reviewed the proposed release and approved it. Holt did not read the release until after he signed it; however, his negligence cannot be ground for invalidating the release. In the absence of fraud, failure to read a contract before signing it is not a defense and cannot justify a nullification of the contract or any of its provisions. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983). Accordingly, the Board correctly determined that the release was not invalid on the basis of a mutual mistake.

■ Furthermore, it is well settled that the effect of a release must be determined from the ordinary meaning of its language. *Hanselman.* The intent of the parties to a contract shall be determined solely from the express language contained in the contract. *Rusiski v. Pribonic*, 511 Pa. 383, 515 A.2d 507 (1986). In the present case the language of the release is plain enough to ascertain the intent of the parties. The release provides in relevant part:

> In consideration of the charges filed at the above-captioned term and number, against WALTER HOLT, JR., being withdrawn by the Commonwealth of Pennsylvania, WALTER HOLT, JR. agrees not to seek or accept employment with the Department of Public Welfare, County Assistance Office or related agency, at any time in the future. Should WALTER HOLT, JR. become so employed, he agrees to immediate removal ... WALTER HOLT, JR. will file no action of any kind now or in the future involving any matter arising out

---

1. Pursuant to Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, this Court's scope of review is limited to determining whether the Board's necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Del–Car Automotive, Ltd. v. Pennsylvania State Police*, 154 Pa.Cmwlth. 535, 624 A.2d 262 (1993).

of his relationship with the Commonwealth of Pennsylvania, Department of Public Welfare, the County Assistance Office or any of its agents or employees. By this agreement, he agrees to discontinue and withdraw finally any other action filed of any kind.

WALTER HOLT, JR. agrees in covenance to forever release, and by this agreement he does release, the Commonwealth of Pennsylvania, the Department of Public Welfare, the County Assistance Office or its agents and employees from any and all liability, cause of action and/or claim of any kind whatsoever which may have accrued from their relationship, including, but not limited to any liability, claims or causes of action for reinstatement of employment, back pay or lost wages, and/or wrongful discharge from employment.

DPW's Exhibit A.

■ As the Board noted, the wording of the release is very clear, and it would be "difficult to imagine any wording of a Release that would be more effective in ending the instant litigation." Board's opinion, pp. 6–7. Where the language of a contract is clear and unambiguous, a court must give effect to that language. *Standard Venetian Blind Co.* In view of the express terms of the release, the Court concludes that the Board did not err in determining that Holt's pending breach of contract action was barred thereunder.

■ Nonetheless, Holt contends that public policy prohibits the execution of a release in exchange for a promise to forbear criminal prosecution. To support his position, Holt cites *Avery v. Layton,* 119 Pa. 604, 13 A. 528 (1888), for the proposition that an agreement to stop a criminal prosecution in exchange for a civil release is invalid. This Court disagrees. The Supreme Court adopted Pa. R.Crim. P. 314, relating to court dismissal upon satisfaction or agreement, and it provides:

When a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof, the court may order the case to be dismissed upon motion and a showing that:

(a) the public interest will not be adversely affected; and

(b) the attorney for the Commonwealth consents to the dismissal; and

(c) satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

(d) there is an agreement as to who shall pay the costs.

■ Here, all of the requirements of Pa. R.Crim. P. 314 have been met. When these requirements are satisfied, a dismissal of criminal charges may be ordered upon a showing that satisfaction has been made to the aggrieved party. *King Coal Co. v. Commonwealth,* 82 Pa.Cmwlth. 487, 475 A.2d 939 (1984). DPW did not demand restitution for Holt's fraudulent conduct but was instead satisfied with Holt's agreement not to seek further employment with DPW and to release DPW from any and all liability which may have accrued from the employment relationship. The release was approved by the criminal court and made part of the record. As acknowledged in the release and indicated by the record, Holt was represented by counsel at the time he executed the release. The order of the Board is affirmed.

### ORDER

AND NOW, this 20th day of June, 1996, the order of the Board of Claims is affirmed.