J-S04027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KRISTINE VAN HOUTEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HANNABERY ELECTRIC, INC. D/B/A | : | No. 2090 EDA 2025 |
| HANNABERY HVAC AND HANNABERY | : | |
| HEATING AND AIR CONDITIONING | : | |

Appeal from the Order Entered July 10, 2025
In the Court of Common Pleas of Monroe County
Civil Division at No: 004950-CV-2021

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 15, 2026**

This appeal concerns whether a settlement agreement compensating Kristine Van Houten (Appellant) for damages resulting from a fire in her home now covers the subsequent claims she asserts against Hannabery Electric, Inc. (Appellee) in the present action. Finding that Appellant has failed here to specify any new damages not covered by the prior settlement agreement, we affirm the order of the Court of Common Pleas of Monroe County (trial county) granting summary judgment for Appellee on that ground.

On September 12, 2019, Appellant's home was destroyed by a fire allegedly caused by Appellee when installing a new oil burning furnace at the residence. *See* Appellant's Complaint, 1/10/2022, at para. 3. It is undisputed that, on January 4, 2021, New Jersey Manufactures Insurance Company (NJM), as a subrogee of Appellant, filed suit in the United States District Court

of the Eastern District of Pennsylvania (federal court) seeking from Appellee damages arising from that same incident. Just as in the present case, the asserted damages allegedly resulted from Appellee's negligent installation of an oil burning furnace in Appellant's home on September 12, 2019.

The federal action was settled on December 7, 2021, for $325,000.00. A Release and Settlement Agreement was executed on that date in which Appellee was released "from all actions, causes of action, suits, debts, sums of money, claims and demands of any kind or description whatsoever, known or unknown, in law or in equity for damage of any kind stemming from the fire and resulting property damage that occurred at [Appellant's home on the subject date]." Release and Settlement Agreement, 12/7/2021, at 1.

Appellant accepted payment "for the purpose of making a full and final compromise, adjustment and settlement of all claims for all losses and damage resulting from the Incident above described." *Id*., at 2. The federal court then entered an order on August 18, 2022, dismissing with prejudice the action filed by NJM, as a subrogee of Appellant.[1]

Nevertheless, on December 10, 2022, Appellant filed in the trial court a civil complaint seeking damages from Appellee as relief from its alleged negligence in installing an oil burning furnace. *See* Appellant's Complaint,

_____

[1] In addition, the record shows that Appellant received compensation beyond the specified amount in the Release and Settlement Agreement. NJM paid Appellant, as of September 21, 2020, a total of $507,960.02 to compensate her for the loss of her home ($337,082.47), personal property ($107,077.55), and living expenses ($63,800.00).

1/10/2022, at paras. 1-7. According to Appellant, she sought recovery of damages that were "not covered under payments made by her insurance policy that covered the Premises on the date of loss[.]" *Id*., at 7. Specifically, she averred in Count I of the Complaint (Negligence) that her additional damages include, in relevant part:

- "severe injuries including, but not limited to, difficulty breathing and/or damage to her airways and/or lungs and/or other injuries to her body."

- "great physical pain and mental anguish and those conditions will continue indefinitely in the future."

- "depriv[ation] of life's pleasures and . . . an interruption in her lifestyle, . . . embarrassment and humiliation, discomfort, inconvenience, distress, disfigurement, depression, incidental expenses, and other serious and permanent injuries."

*Id*., at paras. 11-13.[2]

Appellee moved for summary judgment, contending in relevant part that Appellant had failed to present any evidence that she sustained damages other than those already covered by the parties' settlement agreement. *See* Appellee's Motion for Summary Judgment, 11/14/2024, at 5-6. Appellant filed a response to Appellee's summary judgment motion, and only generally denied that she had failed to identify or present evidence of damages for which

_____

[2] Appellant also asserted one count of breach of an implied warranty of workmanlike services, and the trial court granted summary judgment for Appellee on that count. *See* Appellant's Complaint, 1/10/2022, at paras. 16-18. That portion of the order on review has not been challenged by Appellant, so it is not germane to this appeal.

she has not been compensated. *See* Appellant's Response, 2/13/2025, at paras. 7, 25; *see also* N.T. Deposition of Appellant, 6/21/2023, at 37-61, 64-69. The trial court heard argument on the summary judgment motion on April 4, 2025, and the motion was granted.

Appellant then timely appealed from the order granting Appellee summary judgment, and in her brief, she raises a single ground for our consideration:

> Whether the Trial Court Judge committed an error of law and/or abused its discretion in granting summary judgment by determining that Appellant failed to establish any new damages or claims other than those that were already settled in the [NJM] release[.]

Appellant's Brief, at 6.[3]

Appellant's central contention in this appeal is that summary judgment was improperly granted to Appellee because she presented evidence of damages other than those for which she has already been compensated in exchange for Appellee's release.

On review of an order granting summary judgment, our standard of review is *de novo*, and our scope of review is plenary. *See Bourgeois v. Snow Time, Inc.*, 242 A.3d 637, 649 (Pa. 2020). Such an order may only be reversed if the trial court erred in applying the law or abused its discretion. *See Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007).

_____

[3] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 4 -

Summary judgment should be granted by the trial court where "the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*., at 649-50. Once the relevant pleadings in a case have closed, a party may move for summary judgment, in whole or in part:

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ. P. 1035.2; *see also Toth v. Chambersburg Hosp.*, 325 A.3d 870, 873 (Pa. Super. 2024) ("The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the nonmoving party.").

"The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and 'may grant summary judgment only where the right to such a judgment is clear and free from doubt." *Toth*, 325 A.3d at 873 (quoting *Toy*, 928 A.2d at 195). A party moving for summary judgment generally cannot rely solely on oral testimony, but when the moving party supports its motion "by using the admissions of the opposing party or the opposing party's own witnesses, entry

of summary judgment may be based on oral testimony alone." *InfoSAGE, Inc. v. Mellon Ventures, L.P.*, 896 A.2d 616, 631 (Pa. Super. 2006) (emphasis omitted).

Consistent with the above authorities, "a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor." *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (Pa. 1996). "Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. To establish the causation element of a negligence claim involving personal injury that is not obviously related to an event, "unequivocal medical testimony is necessary to establish the causal connection." *Montgomery v. Bazas-Sehgal*, 798 A.2d 742, 750 (Pa. 2002).

The law of contract governs our interpretation and application of settlement agreements. *See Yocca v. Pittsburgh Steelers Sports Inc.*, 854 A.2d 425, 437 (Pa. 2004). "The courts of Pennsylvania have traditionally determined the effect of a release using the ordinary meaning of its language and interpreted the release as covering 'only such matters as can fairly be said to have been within the contemplation of the parties when the release was given.'" *Dublin by Dublin v. Shuster*, 598 A.2d 1296, 1298-99 (Pa. Super. 1991) (quoting *Estate of Bodnar*, 372 A.2d 746, 748 (Pa. 1977)).

A plaintiff's general release of a defendant from liability – as to the defendant's conduct during a particular incident – has been construed as a bar

to the plaintiff's subsequent claims for damages which allegedly resulted from that same incident.  *See id*.; *see also  Smith v. Thomas Jefferson Univ. Hosp.*, 621 A.2d 1030, 1033 (Pa. Super. 1993) ("It is clear that appellant's present cause of action against appellees results from the treatment decedent sought as a consequence of his automobile accident. Appellant's claim against appellees, therefore, falls clearly within the language of the release.").

In the present case, Appellant has asserted new claims for damages against Appellee despite having already settled the same underlying case in 2021.  *See* Appellant's Complaint, 1/10/2022, at paras. 11-15.  Appellant has alluded to emotional distress and physical injury as the basis for the action, *see id*., but the release granted to Appellee "forever discharge[d]" it "from all actions, causes of action, suits, debts, sums of money, claims and demands of any kind or description whatever, known or unknown, in law or in equity for damage of any kind stemming from the fire and resulting property damage that occurred at [Appellant's home.]"  Release and Settlement Agreement, 12/7/2021, at 1.

As explained by the trial court in its 1925(a) opinion, Appellant has failed to present any evidence establishing that the damages asserted by her in the present action are not within the scope of the settlement agreement:

> In her complaint, Appellant states that, as a result of the smoke and fire from the September 12, 2019 incident, she suffered injuries and losses not covered by payments by her insurance company. However, Appellant did not specify at any point in her pleadings how she has determined that her losses and injuries were not covered by the payments she has already received.

Appellant also does not address or explain how these losses and injuries were not satisfied as part of the 2021 settlement agreement. At no point in her pleadings did Appellant delineate her specific items of property damage that remained following her receipt of the cited compensation from her insurer. Significantly, the deposition of the Appellant is also devoid of any description of items or the property value of her alleged property losses. The injuries and losses Appellant claims to have sustained are essential elements of both causes of action raised in her complaint, therefore, she must produce sufficient evidence to show that there exists a material dispute of fact on the issues.

Trial Court 1925(a) Opinion, 9/26/2025, at 3 (internal citations omitted).

We have reviewed the record, and we discern no error or abuse of discretion on the part of the trial court. Again, Appellee was granted a release from liability as to the fire in Appellant's home. The release discharged Appellee from "any" prospective claims for damages, "known or unknown," resulting from that fire.

Even assuming Appellant could have conceivably sustained property damages from the fire which are not covered by the Settlement Agreement, she has failed to present any evidence to that effect. *See id*. To the extent that Appellant attributes her alleged personal injuries or emotional distress to the fire, such claims, too, would be barred by the settlement terms; and regardless, Appellant's claims of personal injury are not supported by requisite medical testimony establishing a causal connection. *See Montgomery*, 798 A.2d at 750. Thus, the record contains no genuine issue of material fact with respect to Appellant's negligence claim, and the order granting Appellee summary judgment must be upheld.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/15/2026</u>