**Wallace GOOD, Appellant,**

v.

**The PENNSYLVANIA RAILROAD COMPANY.**

**No. 16536.**

United States Court of Appeals Third Circuit.

Argued Oct. 20, 1967.

Decided Nov. 9, 1967.

———◆———

Robert M. Ross, Richter, Lord, Cavanaugh, McCarty & Raynes, Philadelphia, Pa., for appellant.

Matthew J. Broderick, Dechert, Price & Rhoads, Philadelphia, Pa., for appellee.

Before HASTIE, FREEDMAN and SEITZ, Circuit Judges.

**990**

## OPINION OF THE COURT

**PER CURIAM:**

When this action for damages for personal injuries under the Federal Employers' Liability Act [1] was called for trial settlement discussions ensued between counsel in the presence of the judge and the plaintiff personally. Defendant's counsel offered to pay the amount which the judge recommended in settlement. That evening after discussion with his client plaintiff's counsel telephoned acceptance of the offer to defendant's counsel. It is not disputed and indeed is conceded that the offer was made, that it was accepted and that plaintiff's counsel had authority to negotiate for a settlement, and to accept defendant's offer and settle the case.

Shortly afterward, when defendant transmitted the customary form of release, plaintiff refused to sign it and disavowed the settlement. Although the case had been removed from the calendar because plaintiff's counsel had already notified the clerk of the district court of the settlement, the case was then restored to the calendar. A jury trial resulted in a verdict substantially in excess of the amount of the settlement. The district court ultimately entered the judgment N.O.V. in favor of the defendant on the ground that the settlement barred the recovery.

■ The settlement agreement which was entered into by duly authorized counsel expressed the intention to settle the case for the agreed amount and was valid and binding despite the absence of any writing or formality. See Main Line Theatres, Inc. v. Paramount Film Distributing Corp., 298 F.2d 801 (3 Cir.) cert. denied, 370 U.S. 939, 82 S.Ct. 1585, 8 L.Ed.2d 807 (1962). The tender of a release did not reopen the agreement or make its execution a condition to the settlement itself. See Main Line Theatres, Inc. v. Paramount Film Distributing Corp., supra.

■ The fact that this action was brought under the Federal Employers' Liability Act does not remove it from the realm of the law of contracts. The obligation to remain bound by a valid agreement of settlement duly entered into by counsel with the authority of his client is one which pervades the law and applies to injured railroad employees as well as all other contracting parties.

The judgment of the district court will be affirmed.