In the Matter of Francisco J. PACHECO, Debtor.

Francisco J. PACHECO, Plaintiff,

v.

FIRST NATIONAL BANK OF CENTRAL JERSEY, et al., Defendants.

Bankruptcy No. 83–0561.

United States Bankruptcy Court, D. New Jersey.

March 26, 1985.

D. Gayle Loftis, Jersey City, N.J., for debtor.

James O. DeLancey, Dilts, DeLancey & Welch, Somerville, N.J., for defendants.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The issue considered here evolves from an adversary proceeding wherein the debtor seeks to recover monies deposited by the debtor in the First National Bank of Central Jersey, one of the defendants in said adversary proceeding. That matter having been settled, counsel for the plaintiff debtor now moves for counsel fees incurred by the debtor in that action to be paid by the defendant bank.

Factually, it appears that in 1983 plaintiff debtor filed a complaint with this Court for the turnover and recovery of preference monies, alleging that the bank caused the sum of $559.45 to be paid and/or received by the Bergen County Sheriff as agent of the defendant First National Bank; that said monies constituted a preference within the meaning of 11 U.S.C. § 547, and that plaintiff is entitled to the return of all monies received by defendant bank, pursuant to 11 U.S.C. § 522[g], [h], and [i]. The complaint, as well as the amended complaint, demanded counsel

fees. Answers were filed and a trial date fixed.

In 1984, resolution of the aforementioned complaint was achieved by a consent order of settlement. The order required "that the First National Bank of Central Jersey pay to Debtor [plaintiff] the sum of $275.00 in settlement of any and all adversary proceeding entitled: Francisco J. Pacheco v. First National Bank of Central Jersey, et al...."

In support of the motion for counsel fees, plaintiff relies upon 11 U.S.C. § 330[a][1]. In opposing the motion, the bank's counsel contends that the consent order resolved the adversary matter in its entirety, including counsel fees.

■ In support of the motion, plaintiff points to the legislative history of § 330[a][1] and correctly suggests that the purpose of the subject statutory provision is to encourage competent attorneys to represent debtors in bankruptcy proceedings. (5 U.S.Code Cong. & Admin.News 5787, 5826 (1978).) In a followup letter brief, plaintiff points to the absence of decisional law with respect to 11 U.S.C. § 330[a][1] in circumstances similar to the instant case, and suggests that 11 U.S.C. § 523[d] is helpful since "the policy considerations are the same for both sections," and, finally, that the courts have consistently held that "the adversary proceedings must be completed prior to any request, and/or motion for counsel fees for services rendered in those matters."

Acknowledging the absence of precedent on point concerning § 330[a][1], the Court cannot accept plaintiff's assertions relating to § 523[d].

■ The underlying purpose of § 523[d] is to protect consumer debtors from predatory creditor attempts to circumvent the discharge provisions of Title 11 (§§ 727, 1141, and 1328[b]), to be encouraged by the awarding of attorney fees when a creditor wrongly brings a § 523[a][2] action and does not prevail. (5 U.S. Code Cong. & Admin. News 5866 (1978).) The purpose of § 330[a][1], as noted *supra*, is to encourage competent bankruptcy attorneys to represent debtors in bankruptcy proceedings. In light of the underlying purpose of § 523[d], noted above, it appears that whether the courts have consistently held that a motion for attorney's fees under § 523[d] must await completion of the § 523[a][2] proceeding is not instructive in the instant case, as alleged by the plaintiff. Further, both the original and amended complaints contained a demand for attorney's fees. Absent any indication to the contrary, the Court assumes that such demand was based upon § 330[a][1]. It thus appears that plaintiff did not feel constrained to await the resolution of the adversary proceeding before seeking § 330[a][1] attorney's fees. It would thus be inequitable to grant the plaintiff's motion based on a claim that § 330[a][1] relief could not be sought prior to resolution of the adversary proceeding when the plaintiff indeed sought such relief from the outset of the action.

■ As noted *supra*, the consent order resolves "any and all adversary proceeding entitled: Francisco J. Pacheco v. First National Bank of Central Jersey, et al...." The plaintiff, in defining the scope of the proceeding, freely chose to include attorney fees in the action. The parties to this dispute reached a resolution which, because of the absence of any claim to the contrary, appears to have been the result of arm's length bargaining. Further, none of the parties has provided evidence that the agreement upon which the consent order was based did not, in fact, resolve all of the issues raised by the complaint.

To allow the plaintiff to seek additional benefit after having freely agreed to a resolution of the proceeding is contrary to law. *See In re Kealoka,* 2 B.R. 201, 209 (Hawaii 1980), wherein the court stated: "Where a case has been settled by consent of the parties and the record so indicates, the record cannot be contradicted." *Also see Good v. Penna. R.R. Co.,* 384 F.2d 989, 990 (3d Cir.1967) for the proposition that "[t]he obligation to remain bound by a valid agreement of settlement duly entered into

**642**

by counsel with the authority of his client is one which pervades the law and applies ... [to] all ... contracting parties."

By reason of all of the foregoing, the Court denies plaintiff's motion for counsel fees, which holding moots the issue of reasonableness.

Submit an order in accordance with the above.