**Eli N. BONTIGAO**

v.

**VILLANOVA UNIVERSITY.**

Civ. A. No. 91–1844.

United States District Court,
E.D. Pennsylvania.

March 19, 1992.

Joseph M. Gontram, McBride, Ruch & Gontram, Philadelphia, Pa., for plaintiff.

Lisa Bazemore, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## MEMORANDUM

BARTLE, District Judge.

Before the Court is a motion of the plaintiff, Eli N. Bontigao, to enforce an alleged settlement in an employment discrimination action against the defendant Villanova University ("Villanova") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

On December 23, 1991, this Court granted Villanova's Motion for Summary Judgment. The Court entered the judgment in favor of defendant on December 26. While the motion was pending, and unbeknown to the Court, the parties were engaged in settlement negotiations.

On December 5, 1991, counsel for the plaintiff advised counsel for defendant by phone that his client had accepted Villanova's offer of $15,000 in settlement. According to the near contemporaneous notes of plaintiff's counsel, he promised "confidentiality" to which Villanova's counsel agreed. Plaintiff's counsel's notes also state that defense counsel "would get the papers out next week." It is undisputed that the "papers" refer to "settlement papers." At no time prior to or during the December 5, 1991 conversation did counsel discuss with each other the terms of any release.

On December 13, 1991 Villanova's counsel sent to plaintiff's counsel a letter enclosing an "Agreement and General Release" for plaintiff's signature, as well as a Stipulation of Dismissal. Villanova's counsel asked plaintiff's counsel to sign and return the Stipulation so that it could be filed with the Court. The Stipulation was never returned.

Four days later, on December 17, 1991, plaintiff's counsel forwarded "a revised Agreement and Release." He had revised Villanova's proposed release "to exclude matters unrelated to the present proceedings from this Agreement." Plaintiff's counsel's letter continued:

... The settlement that we have reached is a settlement of this suit. I do not intend to settle matters outside of this proceeding, especially, and in particular, matters of which I have no knowledge.

If this proposed Agreement and Release is acceptable, please advise me and I will have my client sign it and forward it to you.

On December 20, 1991 Villanova's counsel responded by letter. She stated, among other things, "Villanova will not agree to settle this case without a general release." She urged plaintiff's counsel to discuss with his client, the plaintiff, his knowledge of "all aspects of his employment relationship with Villanova."

No further communication followed until after the Court decided Villanova's Summary Judgment Motion in its favor and against plaintiff. On December 30, 1991, at 10:16 a.m., Villanova's counsel faxed a letter to plaintiff's counsel. In that letter, she wrote:

As you know, Judge Bartle issued an opinion dated December 23, 1991 granting Villanova University's Motion for Summary Judgment in this case. Judgment was entered in favor of Villanova University on December 26, 1991. Obviously, in light of the Court's disposition of this matter, any and all settlement offers made by Villanova University are withdrawn.

Plaintiff apparently had a change of heart on the terms of the release after the Court decided the Motion for Summary Judgment against him. On December 30, 1991, after receiving the faxed letter, plaintiff's counsel mailed back to Villanova's counsel Villanova's form of the Agreement and General Release, executed by the plaintiff. Plaintiff's motion to enforce the settlement followed.[1]

---

1. Plaintiff never specifically states which settlement he seeks to enforce: the settlement with his narrow release or the settlement with Villanova's broad release.

The question presented is whether the parties had reached an agreement on all material terms of the settlement on December 5, 1991. *See Kazanjian v. New England Petroleum Corp.*, 332 Pa.Super. 1, 480 A.2d 1153 (1984). We hold that the parties had not reached such agreement.

In the discussions leading up to and including December 5, 1991, the parties' counsel admittedly had not specifically discussed the form of any settlement papers or release—only the amount and the issue of confidentiality. Yet, both counsel knew that the settlement papers or release were an essential part of any agreement. In his near contemporaneous notes, plaintiff's counsel memorialized the December 5, 1991 conversation that included the fact that defense counsel "would get the papers out next week." Villanova wanted a general release while plaintiff, as it turned out, wanted a narrow release limited to the case at hand, presumably so that plaintiff could initiate additional lawsuits against Villanova for any other alleged past employment discrimination. One cannot say, and plaintiff does not contend, that the narrow release of the type he proposed would naturally and customarily be expected as a part of the settlement of a civil rights action.

Plaintiff's counsel rejected Villanova's proposed general release and countered with a "revised Agreement and Release" limited to the pending case only. After Villanova refused to agree to settle the case "without a general release," and after this Court's decision on the Motion for Summary Judgment, plaintiff, in an about-face, signed Villanova's "Agreement and General Release." If plaintiff and plaintiff's counsel had believed that settlement of all essential terms had been reached on December 5, 1991, with a narrow release for this case only, plaintiff would never have signed Villanova's Agreement and General Release. Instead, he would have maintained that his narrow release was what the parties had contemplated and that such a release was merely a memorial of what the parties had implicitly, if not explicitly, agreed to orally.

Plaintiff's execution of Villanova's Agreement and General Release contradicts his position that an enforceable oral contract with different terms was already in effect. Unfortunately for plaintiff, he did not forward the signed document proposed by Villanova, until after Villanova had withdrawn its settlement offer. At that point, no settlement offer remained on the table to accept.

It is also significant that throughout all the negotiations over the terms of the release, plaintiff's counsel did not return to Villanova's counsel a signed Stipulation of Dismissal, and neither counsel advised the Court that the case had been settled. These facts support the Court's conclusions that the parties did not consider the case settled until the release issue was resolved.

Plaintiff cites *Good v. Pennsylvania Railroad*, 263 F.Supp. 84 (E.D.Pa.), *aff'd*, 384 F.2d 989 (3d Cir.1967) to support his position that the settlement with Villanova should be enforced. *Good*, which involved the settlement of an action under the Federal Employers' Liability Act, is inapposite. Unlike the present case, there was no dispute over the terms of the release, and no evidence that the parties intended the written release to be a condition precedent to an agreement. Moreover, the parties had advised the Court that the case had been settled, thus evidencing that the signing of the release was not an essential element to enforcement of the settlement.

*Kazanjian v. New England Petroleum Corp.*, *supra*, cited by plaintiff, is likewise not on point. There the Court, applying Pennsylvania law, found that the parties had agreed to all the essential terms of a settlement agreement. The defendant had even signed the agreement and had forwarded it to the plaintiff, who died before he had a chance to execute it. On petition of plaintiff's representatives, the Court ordered specific performance.

In both *Good* and *Kazanjian*, since the parties had settled on the essential terms of their agreement before reducing it to writing, the Court properly enforced those agreements. Here, in contrast, the evidence points to the signing of a release as

an essential term. The parties, after agreeing on a settlement amount, negotiated over the terms of a release. During the negotiation over the release, neither party advised the Court that the case had been settled, and plaintiff's counsel had not returned to defense counsel or filed with the Court the Stipulation of Dismissal. If a release were not an unresolved essential term, plaintiff would not have signed, albeit belatedly, Villanova's release.

Under the facts presented, plaintiff's motion to enforce the settlement is denied.