Joseph P. PULCINELLO, Appellant,

v.

CONSOLIDATED RAIL
CORPORATION,
Appellee.

Superior Court of Pennsylvania.

Argued June 12, 2001.

Filed Aug. 30, 2001.

Richard P. Gilardi, Bridgeville, for appellant.

Scott D. Clements, Pittsburgh, for appellee.

Before: DEL SOLE, President Judge, JOHNSON and BECK, JJ.

DEL SOLE, President Judge.

¶ 1 Joseph Pulcinello, appeals from the order of court granting Appellee's, Consolidated Rail Corporation, petition to enforce settlement. We affirm.

¶ 2 Appellant was employed by Appellee. While employed by Appellee, Appellant was assigned to work as a carman at the Car Shop in Hollidaysburg, Pennsylvania. On assignment and while attempting to pry the draft gear from a rail boxcar, Appellant suffered injuries. He alleged injuries to his jaw, neck, thoracic spine, head and mouth, as well as a herniated cervical disc. Appellant sued Appellee under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, in state court.

¶ 3 The case was listed for trial for November 18, 1999. Pursuant to practice in the Allegheny County Court of Common Pleas, the case was conciliated in the week before the November trial term. After the conciliation, the case was removed from the trial list as settled. Both parties agree that a settlement was verbally agreed upon. Subsequently, Appellant refused to sign the general release prepared and forwarded by Appellee regarding the settlement.

¶ 4 Due to Appellant's refusal to sign the release, Appellee filed a petition to enforce the settlement. Appellant filed a response opposing the enforcement of the settlement. The trial court granted the petition to enforce the settlement and ordered the prothonotary to mark the case settled and discontinued. Appellant now appeals this Order by the trial court.

¶ 5 Appellant presents the following issue for our review:

Was the Plaintiff bound by an oral settlement agreement in his FELA case when the nature and extent of his condition worsened after the oral agreement, but prior to the execution of settlement documents and prior to the payment of the settlement proceeds?

Appellant's Brief at 4.

¶ 6 Before addressing the merits of this issue, we must first determine if the issue is waived, as asserted by Appellee. Appellee contends that Appellant raised for the first time in his appeal brief the claim that the oral settlement agreement between the parties should be set aside on the basis of a mutual mistake as to the nature and extent of his injuries. Appellee's Brief at 9. Appellee asserts that the only issue raised in Appellant's 1925(b) statement was that:

the trial court erred in law and abused its discretion in granting defendant's petition to enforce settlement where there was evidence that the plaintiff did not fully consent to the settlement of the case.

Appellee's Brief at 10. Because Appellant did not raise the issue of mistake regarding the extent of his injuries in his 1925(b) statement, Appellee maintains that this issue is now waived.

¶ 7 Upon review of the record, we find the issue is not waived. Paragraph 8 of Appellant's 1925(b) statement does provide as follows:

8. Plaintiff contends that the trial court erred in law and abused its discretion in granting defendant's petition to enforce the settlement where there was evidence

that the plaintiff did not fully consent to the settlement of the case.

Plaintiff's Statement of Matters Complained of Pursuant to Pa.R.A.P.1925(b). When read in a vacuum, we agree that this issue does not contemplate the issue as framed by Appellant on appeal. However, this paragraph is ambiguous and therefore must be read in conjunction with the remaining paragraphs of the statement. Read in context with the remaining paragraphs of the statement, specifically paragraph 6, it becomes evident that Appellant's claim is that he did not consent to the settlement of the case, and therefore did not execute the release, because, after he made the verbal agreement to settle, his accident related-injury had worsened. Thus, we do not find this issue waived and will address the merits of the claim.

¶ 8 Appellant contends that he did not sign the release and, therefore, the oral settlement was not finalized and was unenforceable. Appellant further contends that, had he signed a release finalizing the agreement, he could have had the release set aside because his condition worsened and required additional treatment.

■ ¶ 9 In addressing Appellant's claim, we first conclude that the settlement agreement was in fact enforceable and binding, despite the absence of the signed release. The enforceability of settlement agreements is ordinarily determined by general principles of contract law. *Century Inn, Inc. v. Century Inn Realty, Inc.,* 358 Pa.Super. 53, 516 A.2d 765 (1986). An oral settlement agreement may be enforceable and legally binding without a writing. *Kazanjian v. New England Petroleum Corp.,* 332 Pa.Super. 1, 480 A.2d 1153, 1157 (1984). This Court has stated that "[W]here parties have reached an oral agreement, the fact that they intend to reduce the agreement to writing does not prevent enforcement of the oral agree-

ment." *Kazanjian,* 480 A.2d at 1157. The fact that the present action was brought under the FELA does not remove it from the realm of the law of contracts. *See Good v. Pennsylvania Railroad Co.,* 384 F.2d 989, 990 (3d Cir.1967).

¶ 10 In *Good v. Pennsylvania Railroad Co.,* an employee sought damages for personal injuries pursuant to the FELA. *Good,* 384 F.2d at 990. When the case was called for trial, settlement discussions ensued and the Railroad Company agreed to pay the amount which the judge had recommended in settlement. *Id.* The employee, through his attorney, verbally accepted the terms of the settlement. *Id.* Upon receipt of the release, however, the employee refused to sign it and disavowed the settlement. *Id.* It was undisputed that the offer was made, that employee's counsel had authority to negotiate a settlement and to accept the Railroad company's offer, and that the offer was accepted. *Id.* The Third Circuit held that the settlement agreement, which was entered into by duly authorized counsel, ". . . expressed the intention to settle the case for the agreement amount and was valid and binding despite the absence of any writing or formality." *Id.* The Court further stated that the tender of a release did not reopen the agreement or make its execution a condition to the settlement itself. *Id.*

■ ¶ 11 We find *Good* to be instructive in this matter. As in *Good,* the matter *sub judice* was brought pursuant to the FELA. The matter was settled during the conciliation conducted by the court prior to the trial term. Furthermore, it is undisputed that the offer was made, that Appellant's counsel possessed authority to negotiate and to settle the matter on behalf of Appellant, and that the offer was accepted. After informing the trial court that the matter had been settled, the matter was removed from the trial list. Both parties

expressed an intent to settle the case for the agreed amount and to be bound by the agreement.

¶ 12 Here we find the settlement agreement entered into by the parties expressed the intention to settle the case and was valid and binding despite the absence of any writing or formality. The signing of the release was not made a condition of the settlement and the tender of the release did not reopen the agreement or make its execution a condition to the settlement itself. Thus, we find the agreement entered into by the parties to be final and binding despite the absence of the written, signed release.

■ ¶ 13 Accordingly, we next address Appellant's argument that the settlement should be set aside because, after verbally agreeing to the settlement, his condition worsened and he required additional medical attention. In his Brief, Appellant cites to the case of *Ignacic v. Penn Cent. Transp. Co.*, 436 A.2d 192, 291 Pa.Super. 431 (1981) as applicable and persuasive authority. He asserts that pursuant to *Ignacic*, the settlement should be set aside on the basis of mutual mistake.

■ ¶ 14 The validity of a release of a FELA case is a question of federal law. *Ignacic*, 436 A.2d at 195. The burden of proof is on the party seeking to set aside the release. *Id.* This court has stated:

> In deciding whether the proof justifies setting aside a release, the cases distinguish between proof of a mutual mistake as to a material fact concerning the worker's *present condition*, when the release will be set aside, and proof of a mutual mistake as to a material fact concerning the *expected future development* of a present condition, when the release will not be set aside.

*Id.* The Court further explained that a mistake concerning "present condition" may include not only a mistake concerning the nature of the injury but also a mistake concerning the extent of the injury. *Id.* at 196.

¶ 15 In developing his argument that the agreement should be set aside due to mutual mistake, Appellant asserts the following in the Argument section of his brief:

> In the instant case, the nature and extent of the plaintiff's condition was not fully appreciated when the verbal agreement was made. The plaintiff did not sign settlement documents because he was made aware of the changed nature and extent of his injury after he had verbally accepted a $10,000.00 settlement. Had the plaintiff signed a release finalizing that agreement, he could have had the release set aside because of the fact that his condition thereafter worsened and required additional medical treatment.

Appellant's Brief at 10. Although Appellant asserts that the nature and extent of his condition was not fully appreciated when the verbal agreement was made, he does not elaborate on how or why. Appellant only asserts that after the verbal agreement he was made aware of the changed nature and extent of his injury. In reviewing Appellant's "Statement of the Case" portion of his brief, however, Appellant claims that after verbally agreeing to settle, Appellant learned from his physician that he would require additional treatment, including surgery. Appellant's Brief at 5. Appellant further asserts that: "Plaintiff thereafter had surgery, and did not sign the release because the nature and extent of his accident-related injury had changed." Appellant's Brief at 6.

¶ 16 Appellant's claim of mutual mistake appears to be related to the expected future development of his condition. Appellant does not assert that his injury proved to be different than that initially contem-

plated, specifically that the diagnosed injury was different than the actual injury. Moreover, besides making a bald assertion that the extent of his injury changed, Appellant does not offer an explanation regarding this change in extent of injury. Rather, his only minimally detailed explanation reveals that he refused to sign the release after he was informed that he would require additional treatment for the injury. This claim goes to the expected future development of the injury. Thus, pursuant to *Ignacic*, and its related case-law, we find this mutual mistake, as asserted by Appellant, is not sufficient to set aside the settlement in this case. The trial court properly ordered enforcement of the settlement.

¶ 17 Order affirmed.