**FORTE SPORTS, INC.**

v.

**TOY AIRPLANE GLIDERS OF AMERICA, INC.**

No. Civ.A.03–6345.

United States District Court, E.D. Pennsylvania.

Dec. 10, 2004.

Christopher J. Huber, Daniel J. Anders, Pepper Hamilton, Philadelphia, PA, Michael L. Lovitz, Connolly Bove Lodge & Hutz LLP, Wilmington, DE, for Plaintiff.

Brian J. Urban, Camille M. Miller, Cozen & O'Connor, P.C., Philadelphia, PA, Richard M. Johnson, Ladas & Perry, Los Angeles, CA, for Defendant.

*MEMORANDUM*

BARTLE, District Judge.

Before the court is the motion of plaintiff Forte Sports, Inc. ("Forte") to enforce a settlement agreement with defendant Toy Airplane Gliders of America, Inc. d/b/a American Home Products ("Toy Airplane").[1] Toy Airplane contends that this pending action has not been settled and that there is nothing to enforce. The underlying facts are not in dispute.

Forte has sued Toy Airplane under the Lanham Act, 15 U.S.C. § 1125, for infringement of its trademark "Bungee Ball." The complaint also alleges certain state law tort claims. After discovery had been exchanged and depositions had been taken, settlement discussions ensued. On October 16, 2004, Ronald Yoder, President of Toy Airplane, wrote a letter to Mark Manniso, Chairman of Forte, in which Mr. Yoder communicated what he characterized as "our last and final offer":

> Toy Airplane will agree to settle this case and purchase whatever rights Forte alleges to have in the trademark "BUNGEE BALL" for $40,000.00. The case will be dismissed with prejudice, with each side bearing its own attorneys' fees. An appropriate agreement will be executed to affect [sic] these terms. Lastly, Forte will dismiss its Cancellation Proceeding in the Trademark Office to the mark "BUNGY BALL."

The offer was to expire at "12:00 noon, Philadelphia time, October 18, 2004."

On October 17, 2004,[2] Mr. Manniso responded by letter:

> We will accept your offer for $40,000 settlement.
>
> Our attorney will contact yours to work out the settlement agreement.

Thereafter, efforts to formulate a formal written settlement agreement floundered. Toy Airplane contends that Forte refused to agree to the incorporation of certain warranties about the validity and use of Forte's trademark "Bungee Ball." According to Toy Airplane, any settlement was conditioned on the signing of a written agreement acceptable to both sides. Forte argues that its October 17, 2004 acceptance of Toy Airplane's offer conveyed by Mr. Yoder's October 16, 2004 letter established mutual assent and thus a binding contract. Forte maintains that the written agreement was simply to be executed to memorialize the terms to which the parties had agreed. It is conceded that the authors of the October 16 and October 17 letters had authority to speak for their respective principals.

It is well established that a contract comes into being once the parties have reached a meeting of the minds on the essential terms and have manifested the intent to be bound by those terms.[3] *Schulz v. U.S. Boxing Ass'n,* 105 F.3d 127, 136 (3d Cir.1997); *Irma Hosiery Co. v. Home Indemnity Co.,* 276 F.2d 212, 214 (3d Cir.1960). Once this has occurred, the existence of gaps in the agreement will not vitiate it. *Shovel Transfer & Storage, Inc. v. Pa. Liquor Control Bd.,* 559 Pa. 56, 739

---

1. The complaint incorrectly names American Home Products as a separate defendant. As set forth in the answer, American Home Products is simply a trade name used by Toy Airplane.

2. The letter stated "11:45 am—Monday, October 17, 2004." Monday was actually October 18.

3. Toy Airplane argues that the law of California is applicable while Forte cites Pennsylvania law. However, the parties agree that there is no material difference in the law of either jurisdiction.

A.2d 133, 136 (1999). We must determine, based on the undisputed facts before us, whether the parties reached an agreement on the essential terms.

■ We disagree with Toy Airplane's assertion that Forte's refusal to incorporate certain warranties concerning the use and validity of the trademark "Bungee Ball" means that mutual assent never occurred. The demand for warranties or guarantees was never mentioned in the specific offer made by Toy Airplane and accepted by Forte. Toy Airplane, in its offer, agreed to purchase "whatever rights Forte *alleges* to have in the trademark." Letter from Yoder to Manniso, Oct. 16, 2004 (emphasis added). What Forte alleges its rights to be and what those rights actually may be are two different matters. Toy Airplane proposed a quitclaim purchase. When Forte accepted the offer, it simply agreed to transfer to Toy Airplane all its rights in "Bungee Ball," whatever those rights might be.

Clearly, there was mutual assent manifested by the parties to the settlement terms. Toy Airplane characterized its proposal in the October 16 letter as its "last and final offer." It was not merely advancing a negotiating point or initiating preliminary discussions. The exchange of correspondence cannot be read as simply an agreement to agree. Forte accepted the detailed "last and final" offer within the deadline set by Toy Airplane. The dismissal of Forte's action with prejudice and with each party to bear its own attorneys' fees, the payment of $40,000 to Forte, the transfer of whatever rights Forte alleges in the mark "Bungee Ball" to Toy Airplane, and dismissal of Forte's cancellation proceeding in the Trademark Office against Toy Airplane's mark "Bungy Ball" constitute the essential terms of the parties' agreement. The terms are precise and definite and nothing of significance is missing.

■ An "appropriate" writing, we acknowledge, was also to be drafted and signed. However, it was to be executed, in the words of Mr. Yoder, merely to "affect [sic] these terms," nothing more and nothing less. Thus, the writing was to memorialize the provisions to which the parties had agreed and was not a loophole for further negotiations. Allowing Toy Airplane to demand additional material terms as a condition to settlement after its offer of October 16 had been accepted is inconsistent with what it characterized as its "last and final offer," which was accepted by Forte. While a signed settlement agreement or release is certainly customary when resolving legal disputes, the failure to execute such a document here does not negate the existence of a legally binding settlement. The settlement agreement cannot be reasonably interpreted to mean that a signed writing incorporating its terms was a condition precedent. *See Good v. Pennsylvania R.R.*, 263 F.Supp. 84 (E.D.Pa.1967), *aff'd* 384 F.2d 989 (3d Cir.1967); *Main Line Theatres, Inc. v. Paramount Film Distribut. Corp.*, 298 F.2d 801 (3d Cir.1962); *Pulcinello v. Consol. Rail Corp.*, 784 A.2d 122, 124–25 (Pa.Super.2001); Restatement (Second) of Contracts, § 27 (1981).

Now that we have determined that a settlement has taken place, we turn to the issue of enforcement. Had we previously dismissed the action, we would not have had the inherent power to enforce a settlement simply because we had had jurisdiction over the original lawsuit. A separate action for breach of contract would have been necessary. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141–42 (3d Cir.1993). However, the action has not been dismissed and remains pending on this court's docket. Our Court of Appeals held in

*Sawka* that if the settlement is part of the record, if it is incorporated into an order of the district court, or if this court has manifested an intent to retain jurisdiction, we may exercise jurisdiction to enforce it. *Id.*

Under the present circumstances, we will grant the motion to enforce the settlement and will incorporate the terms of the settlement into an order of this court. We will retain jurisdiction for purposes of enforcement.

### ORDER

AND NOW, this 10th day of December, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the Clerk shall delete American Home Products as a defendant and amend the name of the defendant to read Toy Airplane Gliders of America, Inc. d/b/a American Home Products;

(2) the motion of plaintiff Forte Sports, Inc. to enforce settlement agreement is GRANTED;

(3) judgment is entered in favor of plaintiff Forte Sports, Inc. and against defendant Toy Airplane Gliders of America, Inc. d/b/a American Home Products in the amount of $40,000;

(4) Forte Sports, Inc. shall assign to defendant Toy Airplane Gliders of America, Inc. d/b/a American Home Products all its rights, title, and interest in the mark "Bungee Ball" within 15 days after satisfaction of the $40,000 judgment;

(5) Forte Sports, Inc. shall dismiss within 15 days after satisfaction of the $40,000 judgment its cancellation proceeding in the Trademark Office directed to the mark "Bungy Ball";

(6) each party shall bear its own attorneys' fees and costs;

(7) this action is DISMISSED with prejudice; and

(8) this court retains jurisdiction to enforce the parties' settlement agreement and to enter further orders as necessary.