**Verizon Pennsylvania Inc. v. Lynch**

C.P. of Lawrence County, no. 11907 of 2008, C.A.

*Jonathan A. Orie,* for plaintiff.
*Paul Lynch,* for defendants.

PICCIONE, *J.,* February 8, 2010—Before this court for disposition is plaintiff's motion to enforce settlement. The current action arises from a complaint filed on November 26, 2008 by Verizon Pennsylvania Inc. (plaintiff) for damage to plaintiff's underground facilities caused by the excavation activities of Paul Lynch, Paul Lynch Investments Inc. and Star Disposal (defendants). Plaintiff alleged that it suffered damages in the amount of

$5,135.16 as a result of defendants' negligence. On July 9, 2009, after the parties exchanged various pleadings, plaintiff's counsel spoke on the telephone with defendant Paul Lynch, who acts as counsel for himself and the other defendants. During the telephone conversation, the parties agreed to a settlement where plaintiff would discontinue the lawsuit in exchange for defendants' payment of $3,000. The parties also discussed the possibility of preparing a release. On that same date, plaintiff's counsel sent a letter to Mr. Lynch confirming the settlement agreement and requesting that a release and check for $3,000 be sent to plaintiff. On August 25, 2009, after receiving no response, plaintiff's counsel sent another letter to Mr. Lynch requesting the settlement check. Mr. Lynch failed to respond to the second letter as well. On November 17, 2009, plaintiff filed a motion to enforce settlement, asking the court to enter an order requiring defendants to comply with the terms of the settlement agreement. The court heard arguments regarding the motion on December 7, 2009.

Because settlement agreements reduce burdens on courts and expedite the transfer of money into the hands of complainants, there is a strong judicial policy in favor of voluntarily settling lawsuits. *Felix v. Giuseppe Kitchens & Baths Inc.,* 848 A.2d 943, 946 (Pa. Super. 2004). Settlement agreements are governed by principles of contract law. *Mastroni-Mucker v. Allstate Insurance Co.,* 976 A.2d 510, 518 (Pa. Super. 2009). "There is an offer (the settlement figure), acceptance, and consideration (in exchange for the plaintiff terminating the lawsuit, the defendant will pay the plaintiff the agreed upon sum)." *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick,* 526 Pa. 541, 547, 587 A.2d 1346, 1349

(1991). If the requirements for a valid contract are met, a court must enforce the terms of the settlement agreement. *McDonnell v. Ford Motor Co.,* 434 Pa. Super. 439, 445, 643 A.2d 1102, 1105 (1994). "This is true even if the terms of the agreement are not yet formalized in writing." *Mastroni-Mucker,* 976 A.2d at 518. "Where parties have reached an oral agreement, the fact that they intend to reduce the agreement to writing does not prevent enforcement of the oral agreement." *Kazanjian v. New England Petroleum Corp.,* 332 Pa. Super. 1, 7, 480 A.2d 1153, 1157 (1984). Even the absence of a signed release does not prevent the enforcement of an otherwise valid settlement agreement. *Pulcinello v. Consolidated Rail Corp.,* 784 A.2d 122, 124 (Pa. Super. 2001).

In the case sub judice, all of the requirements for a valid contract were met. Plaintiff's counsel made an offer to settle the case for $3,000, and Mr. Lynch acknowledges that he accepted the offer. In exchange for the payment, plaintiff's counsel agreed to discontinue the lawsuit. Defendants argue that Mr. Lynch revoked his acceptance after learning that he was being sued by plaintiff in another lawsuit. The power to accept can be terminated by a counter-offer by the offeree, a lapse of time, a revocation by the offeror, or incapacity of either party. *First Home Savings Bank FSB v. Nernberg,* 436, Pa. Super. 377, 388-89, 648 A.2d 9, 15 (1994). "However, '[o]nce the offeree has exercised his power to create a contract by accepting the offer, a purported revocation is ineffective as such.'" *Mastroni-Mucker,* 976 A.2d at 518 (citing Restatement (Second) of Contracts §42, comment c. (1981)). Therefore, defendants' revocation was ineffective once Mr. Lynch accepted the offer.

Defendants also argue that an agreement does not exist because a release was never prepared and executed. While the preparation of a release was discussed during settlement negotiations, the fact that a release was not executed does not invalidate the settlement agreement. As stated above, the absence of a signed release does not prevent the enforcement of an otherwise valid settlement agreement. *Pulcinello,* 784 A.2d at 124. Further, a release was not necessary because the statute of limitations had already run on plaintiff's cause of action.

The undisputed evidence of record clearly establishes that an enforceable oral settlement agreement was created during the July 9, 2009 telephone conversation between plaintiff's counsel and Mr. Lynch. In keeping with the judicial policy favoring the voluntary settlement of lawsuits, plaintiff's motion to enforce settlement is granted.

## ORDER

And now, February 8, 2010, the court having heard arguments on December 7, 2009 regarding plaintiff's motion to enforce settlement with Jonathan A. Orie, Esquire, appearing and representing the plaintiff, and Paul Lynch, Esquire, appearing and representing the defendants, the court finds and it is hereby ordered and decreed as follows:

(1) Plaintiff's motion to enforce settlement is granted, and defendants are ordered to pay to plaintiff the sum of $3,000 within 30 days of the date of this order.

(2) In the event defendants fail to comply with this order, judgment in the amount of $3,000 shall be entered

against defendants, jointly and severally, upon motion by plaintiff.

(3) The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.