J-A17020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN C. CASTNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CROSS CASTNER ARCHITECTS, P.C. | : | |
| AND CHARLES H. CROSS, III | : | |
| | : | No. 3536 EDA 2018 |
| Appellants | : | |

Appeal from the Order Entered November 1, 2018
In the Court of Common Pleas of Chester County Civil Division at No(s):
2013-09841-CT

BEFORE:  PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 19, 2020**

Appellants, Cross Castner Architects, P.C. ("Company") and Charles H. Cross, III ("Cross") (collectively "Appellants"), appeal from an order entered on November 1, 2018 in the Civil Division of the Court of Common Pleas of Chester County.  We affirm.

We derive our summary of the facts and procedural history in this matter from the trial court's opinion and the certified record on appeal.  John C. Castner ("Castner") was a founding member and former minority shareholder of the Company, an architectural firm.  At all relevant times, Castner's colleague, Cross, served as the president, director, and controlling shareholder of the Company.  Based upon Cross' alleged violation of a shareholder agreement entered on or around November 10, 2009, together with Cross' alleged misapplication of Company assets for his personal benefit,

Castner filed an action against both the Company and Cross in the Chester County Court of Common Pleas raising breach of contract and related claims. The case, which was docketed at 2013-09841, was scheduled for a bench trial on February 4, 2016.

When the time for trial arrived, the parties entered into an on-the-record settlement rather than proceeding to a bench trial on the merits. Among other things, the settlement agreement provided that three valuators would determine the value of Castner's shares for the purpose of a buyout aimed at concluding the operations of the Company. In view of the parties' settlement agreement, the trial court, acting *sua sponte*, entered an order on September 1, 2016 directing the prothonotary to mark the case settled.

Approximately 18 months after the parties placed their settlement agreement on the record, performance of the agreement remained unconcluded. Specifically, the three valuators were unable to agree on the valuation method.[1] On April 13, 2018, Castner commenced a parallel action docketed in the Chester County Court of Common Pleas at 2018-03806 by filing a petition to enforce settlement. **See** Chester County Court of Common Pleas Docket No. 2018-03806. By order dated August 7, 2018, the trial court

_____

[1] One of the valuators sought to calculate the value of the shares of the Company in accordance with the method included in the 2009 shareholders agreement, which differed from the method utilized by the other two valuators. The February 2016 settlement agreement did not require the use of the valuation mechanism included within the shareholders agreement.

granted Castner's petition and directed the parties to "achieve an agreed upon valuation." Trial Court Order, 8/7/18 (docketed at case number 2018-03806).

Pursuant to the August 7, 2018 order, the valuators met on August 31, 2018 to determine the agreed upon value of the Company and the value of Castner's shares for payment. The valuators determined that Castner's interest in the Company was valued at $148,000.00 and that Castner should be reimbursed for taxes on phantom income in the amount of $14,429.80. The value of Castner's share of the Company was then reduced by $63,408.50 for an outstanding shareholder loan due to the Company. Based upon these calculations, the valuators placed a net value of Castner's shares at $99,021.30.[2]

Even after the valuators completed a valuation of the Company, the parties were still unable to conclude performance pursuant to the terms of their settlement agreement. Accordingly, on September 11, 2018, Castner moved to compel enforcement at case number 2013-09841. Castner's motion demanded payment of approximately $99,000.00, equal to the value of his shares in the Company, together with a reimbursement for taxes, but less the value of a shareholder loan. On September 21, 2018, Appellants filed a reply and a cross-motion to enforce settlement. In their submissions, Appellants

_____

[2] The report generated by the valuators also referred to other loans payable to Cross, as well as possible interest on such loans, but did not place a value on these obligations for purposes of determining the value of Castner's interest or shares in the Company or any sum Castner may have owed to Cross.

- 3 -

argued that Castner's demand for nearly $99,000.00 should be offset by approximately $83,000.00, representing a confessed judgment Cross obtained against Castner pursuant to a prior agreement between the parties. On September 26, 2018, Castner filed an answer to the cross-motion to enforce settlement. By order entered on November 1, 2018, the trial court granted Castner's motion to compel enforcement of the parties' settlement agreement, directed Appellants to pay Castner $99,021.30, and released all claims previously asserted by the parties.

On November 7, 2018, Appellants filed a notice of appeal docketed at case number 2013-09841.[3] On November 13, 2018, the trial court issued an order directing Appellants to file and serve a concise statement of errors

_____

[3] On November 16, 2018, a judgment for Castner was entered in the amount of $99,021.30 on the docket at case number 2013-09841. Thus, Appellants filed a timely notice of appeal from a final order. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **see also** Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of entry of order from which appeal is taken).

While we acknowledge that the parties' valuation experts met pursuant to an order entered on a separate docket, we shall not treat this case as one that required entry of multiple notices of appeal because a single order resolved issues that emerged from several trial court dockets. Here, the November 1, 2018 order (entered at case number 2013-09841 and from which Appellants lodged this appeal) granted Castner's motion to compel enforcement of the parties' settlement agreement, directed payment in favor of Castner, and released all claims previously asserted by the parties. Because this appeal revolves exclusively around issues that arose from a single trial court docket that were addressed by a single dispositive order filed in the same case, the matter before us does not implicate the principles addressed by our Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

complained of on appeal. Appellants filed a timely concise statement on December 3, 2018 and the trial court issued its Rule 1925(a) opinion on March 4, 2019.

> Appellants raise the following issues for our review:
>
> Whether the release described in the [the parties' settlement agreement was immediately effective] as of the date of the settlement agreement, or whether it was to take effect after payment?
>
> Whether Cross may set-off the amounts owed to him by Castner against the value of Castner's shares?

Appellants' Brief at VI.

Appellants' claims are closely related; hence, we shall address them in a single discussion. Appellants claim that the trial court incorrectly construed the terms of the parties' settlement agreement when it directed them to pay Castner in accordance with the valuation reached by the valuators pursuant to the parties' settlement agreement and without a setoff for a prior judgment Cross obtained against Castner. Appellants explain their position as follows. Initially, Appellants note that Castner agreed to pay Cross $125,000.00 under the terms of an agreement the parties entered in November 2009. When Castner failed to pay approximately $83,000.00 of that amount, Cross obtained a confessed judgment against Castner. According to Appellants, both the trial court and Castner are incorrect that the full and complete release provision in the parties' February 4, 2016 settlement agreement voids Castner's unpaid obligation created under the November 2009 settlement

agreement. Instead, Appellants argue that the release provision in the second settlement agreement did not go into effect until **after** Castner's shares were valued **and** Castner tendered his original payment obligation under the 2009 agreement. Appellants, therefore, claim they are entitled to a setoff of approximately $83,000.00.

The applicable standard and scope of review, together with the substantive principles that govern this dispute, are as follows.

> The enforceability of settlement agreements is determined according to principles of contract law. Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision.
>
> *Ragnar Benson, Inc. v. Hempfield Township Mun. Auth.*, 916 A.2d 1183, 1188 (Pa. Super. 2007) (citations and quotation marks omitted). With respect to factual conclusions, we may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record. *Skurnowicz v. Lucci*, 798 A.2d 788, 793 (Pa. Super. 2002) (citation omitted) [(superseded by statute)].
>
> The law of this Commonwealth establishes that an agreement to settle legal disputes between parties is favored. *Compu Forms Control Inc. v. Altus Group Inc.*, 574 A.2d 618, 624 (Pa. Super. 1990). There is a strong judicial policy in favor of voluntarily settling lawsuits because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant. *Felix v. Giuseppe Kitchens & Baths, Inc.*, 848 A.2d 943, 946 (Pa. Super. 2004). If courts were called on to re-evaluate settlement agreements, the judicial policies favoring settlements would be deemed useless. *Greentree Cinemas Inc. v. Hakim*, 432 A.2d 1039, 1041 (Pa. Super. 1981). Settlement agreements are enforced according to principles of contract law. *Pulcinello v. Consolidated Rail Corp.*, 784 A.2d 122, 124 (Pa. Super. 2001), *appeal denied*, 796 A.2d 984 (Pa. 2002). "There is an offer (the

settlement figure), acceptance, and consideration (in exchange for the plaintiff terminating his lawsuit, the defendant will pay the plaintiff the agreed upon sum)." ***Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick***, 587 A.2d 1346, 1349 (Pa. 1991), *cert. denied*, 502 U.S. 867 (1991).

Where a settlement agreement contains all of the requisites for a valid contract, a court must enforce the terms of the agreement. ***McDonnell v. Ford Motor Co.***, 643 A.2d 1102, 1105 (Pa. Super. 1994), *appeal denied*, 652 A.2d 1324 (Pa. 1994)[.]

***Mastroni-Mucker v. Allstate Ins. Co.***, 976 A.2d 510, 517-518 (Pa. Super. 2009), *appeal denied*, 991 A.2d 313 (Pa. 2010).

Appellants assert that the terms of the February 4, 2016 settlement agreement establish that a general release of all claims between the parties would not become effective unless and until the valuators determined the value of Castner's shares in the Company **and** the parties exchanged payment. Appellants reason that if the release in the February 4, 2016 agreement were immediately effective, Castner could have demanded a release long before he filed his September 2018 motion to compel enforcement, and the trial court could have ordered execution of the release prior to the entry of the order which is challenged in this appeal. Appellants conclude that Cross is entitled to setoff the amount of his judgment against Castner since the release does not become effective until payment is made.

As a preliminary matter, we adopt the trial court's recitation of the parties' on-the-record settlement agreement as if set forth fully herein. **See** Trial Court Opinion, 3/4/19, at 3-6. Based upon our review of the plain terms of the parties' agreement, we agree with the trial court that the settlement

terms are clear and unambiguous and that they direct the parties to enter a full and complete release after a valuation of Castner's shares in the Company has been determined. ***See id.*** at 7. There simply is no support in the agreement for implying a nonexistent payment term as a prerequisite to execution of a general release of all claims asserted by the parties. For this reason, we conclude that Appellants are not entitled to relief and that the trial court's order should be affirmed.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/20

---

[4] Our holding in no way invalidates Cross' confessed judgment against Castner. We merely conclude that, under the terms of the agreement the parties reached to resolve the claims presented in the instant case, payment of all debts and obligations running between the parties does not form a precondition to execution of a general release.