IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Freedom Bey,                               :
                                           :
                    Appellant              :
                                           :
             v.                            : No. 120 C.D. 2020
                                           : Submitted:  September 3, 2021
Commonwealth of Pennsylvania,              :
Department of Corrections d/b/a            :
State Correctional Institution at          :
Somerset a/k/a SCI-Somerset                :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  December 30, 2021


        Freedom Bey (Inmate) appeals the order of the Somerset County Court
of Common Pleas (trial court) granting the Motion to Enforce Settlement of the
Commonwealth of Pennsylvania, Department of Corrections d/b/a State
Correctional Institution at Somerset a/k/a SCI-Somerset (collectively,
Commonwealth), thereby enforcing a settlement agreement between Inmate and the
Commonwealth, and directing Inmate to execute a release within 10 days of the date
of the court's order, and to file a Praecipe to Settle and Release in that court within
10 days of his receipt of settlement funds, or suffer sanctions by that court.  We
affirm.

On October 21, 2019, the Commonwealth filed a Motion to Enforce Settlement in which it sought to enforce a settlement of claims raised by Inmate in a lawsuit that he filed in the trial court relating to damages that he suffered as a result of a purported *Legionella* outbreak at SCI-Somerset in July of 2013. *See* Original Record (O.R.) Docket Entry No. 69. On January 10, 2020, following an evidentiary hearing on the Motion, the trial court issued the following relevant Findings of Fact and Conclusions of Law:

> [I]n or about 2013[, Inmate] was suffering from symptoms that were flu-like in nature, and [] the symptoms were associated with an alleged [outbreak] of Legionnaires' Disease or [*L*]*egionella* at SCI[-]Somerset.
>
> Subsequently[, Inmate] instituted a lawsuit in federal court in the Western District of Pennsylvania at Docket No. 3:15-CV-00167-KRG-KAP[.]
>
> Additionally, a lawsuit was filed in the court of common pleas in Somerset County, Pennsylvania at Docket No. 307 CIVIL 2015.
>
> In each of these lawsuits[, Inmate] was represented by the law firm of Robert Peirce & Associates, P.C. [(Law Firm).]
>
> On or about March 6[,] 2017, a letter was sent by Abigail Nath of the [Law Firm] confirming a telephone conversation that she had with [Inmate] whereby [Inmate] had given the [Law Firm] blanket authority to settle the subject lawsuit pending approval from Mr. Timothy J. Lyons.
>
> The letter, again, which was marked as Exhibit A in this evidentiary hearing, indicates that Mr. Lyons felt that settling the case was in [Inmate's] best interest.
>
> Subsequently, on or about March 30, 2017, a letter was sent to [Inmate] from the [Law Firm] instructing and

2

informing [Inmate] that the Attorney General's Office had made an offer to settle his claims in the amount of $2,250.

The [Law Firm] recommended that [Inmate] accept this offer, and that letter was introduced into evidence in this hearing as Exhibit B.

Part of that letter was that the [Law Firm] would have a cost associated with the settlement in the amount of $500, and it directed [Inmate] to countersign and date the letter if he was inclined to accept the offer[.]

And[,] in fact, [Inmate] did countersign the letter, and it is dated April 17, 2017.

Subsequent to that, [Inmate] had written a letter to [the Law Firm]. That letter was introduced today as Exhibit C. It[ i]s dated September 24, 2017. And in that letter[, Inmate] indicates that he had concerns with Paragraphs 6 and 7 of the Release that was sent to him and [wanted] to discuss those Paragraphs with his attorneys.

Subsequently, on or about May 15, 2019, [Inmate wrote a letter to Attorney Simon of [the Law Firm], wherein he indicated that if [the Law Firm] agreed to waive [its] fee of $500, that he would accept the settlement amount of $2,250 immediately.

In that letter[,] he also indicates that if [the Law Firm was] not willing to forfeit [its] fee, then [Inmate] was requesting that his case file be sent to him, and that counsel alert the Honorable Judge Keith Pesto that he would like to proceed to a jury trial as soon as possible.

Subsequently, on June 20, 2019, a letter was sent to [Inmate] by [the Law Firm]. In that letter[,] Attorney Simon advised [Inmate] that [the Law Firm] had agreed to waive its costs in the amount of $500. And [it] forwarded to [Inmate] a Revised Settlement Statement reflecting that so that the ultimate outcome was that [Inmate] would receive the entire settlement proceeds of $2,250.

The letter also indicates that a copy of the Release is enclosed, and [it] ha[s] directed or asked [Inmate] to sign the Release and return it.

The court concludes that [Inmate] did[,] in fact[,] agree to settle his claims in this case for the amount of $2,250.

Other than [Inmate's] testimony today that this settlement was somehow contingent upon there being a satisfactory Release, none of the written documentation that has been introduced into evidence today indicates that the settlement was in any way contingent upon other factors.

Therefore, the court does conclude that [Inmate] did knowingly and intelligently enter into a binding Settlement and Release of all claims for the sum of $2,250.

The court does not find credible [Inmate's] testimony that he attached to the settlement any contingencies or reservations or concerns that he was somehow not being afforded the right to obtain other legal counsel or to proceed to trial.

And, in fact, [Inmate's] letter of May 5, 2019, which is identified as Exhibit D in today's record, indicates that if he was[ no]t going to receive the full amount of $2,250, then he wanted his file returned to him, and he wa[nted] Judge Keith Pesto to be advised that he wanted to proceed to a jury trial.

This evidence clearly [shows] that [Inmate] still understood that he still had the right to go to trial, or to obtain other legal counsel. And the court does not find or conclude that [Inmate] was coerced, or was under duress, or forced into this settlement, and that he had the ability to decline the settlement an either hire other counsel or simply proceed to trial on his own.

Therefore, again, I conclude that a valid and binding settlement in the total amount of $2,250 was reached between [Inmate] and [the Commonwealth].

4

Therefore, I am going to grant the Motion to Enforce Settlement, and will execute the proposed order of court that is attached to the Motion.

O.R. Docket Entry No. 75. Accordingly, the trial court entered the order granting the Motion to Enforce Settlement and Inmate then filed the instant appeal of the trial court's order.[1]

On appeal,[2] Inmate claims that the trial court erred in enforcing the settlement agreement because: (1) the evidence admitted at the hearing does not

---

[1] This Court has stated:

> When reviewing a trial court's decision to enforce a settlement agreement, an appellate court's scope of review is plenary as to questions of law, and we may draw our own inferences and reach our own conclusions from the facts as found by the trial court. "However, we are only bound by the trial court's findings of fact which are supported by competent evidence." "The prevailing party is entitled to have the evidence viewed in the light most favorable to its position." "Thus, we will only overturn the trial court's decision when the factual findings of the court are against the weight of the evidence or its legal conclusions are erroneous."

*Baribault v. Zoning Hearing Board of Haverford Township*, 236 A.3d 112, 117 n.9 (Pa. Cmwlth. 2020), *appeal denied*, 256 A.3d 420 (Pa. 2021) (citations omitted).

[2] As we have explained:

> The enforceability of a settlement agreement is determined according to principles of contract law. *Mazzella v. Koken*, [739 A.2d 531, 536 (Pa. 1999)]; *see School District of Philadelphia v. Framlau Corp*[*oration*, 328 A.2d 866, 870 (Pa. Cmwlth. 1974)] ("A settlement of litigation is a compromise agreement comprised of all the traditional elements of a contract."). To be enforceable, a settlement agreement must possess all the elements of a valid contract -- offer, acceptance, and consideration or a meeting of the minds. *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, [587 A.2d 1346, 1349 (Pa. 1991)]; *A.S. v. Office for Dispute Resolution (Quakertown Community School District)*, 88

**(Footnote continued on next page…)**

5

demonstrate a meeting of the parties' minds; (2) Inmate did not sign the settlement paperwork that he was told that he needed to sign to finalize the settlement; (3) Inmate did not agree to the settlement; (4) more than two years passed between the initial settlement offer and the filing of the Commonwealth's Motion to Enforce Settlement; and (5) no representative from SCI-Somerset testified at the hearing regarding its beliefs and/or the understanding of the parties' settlement discussions or the status of the proposed settlement.[3]

---

A.3d 256, 265 (Pa. Cmwlth. 2014). "[I]t is essential to the enforceability of a settlement agreement that the minds of the parties should meet upon all the terms, as well as the subject matter, of the agreement." *Mazzella*, 739 A.2d at 536.

Further, "[a]n oral settlement agreement may be enforceable and legally binding without a writing." *Bennett v. Juzelenos*, 791 A.2d 403, 407 (Pa. Super. 2002). "'Where parties have reached an oral agreement, the fact that they intend to reduce the agreement to writing does not prevent enforcement of the oral agreement.'" *Id.* (quoting *Pulcinello v. Consolidated Rail Corp*[*oration*], 784 A.2d 122, 124 (Pa. Super. 2001)).

A party wishing to invalidate a contract must "show fraud or mutual mistake by clear, precise and convincing evidence." *A.S.*, 88 A.3d at 266 (quoting *Holt v. Department of Public Welfare*, 678 A.2d 421, 423 (Pa. Cmwlth. 1996)). "[I]f a mistake is unilateral, there is no basis for rescinding a contract if the unilateral mistake 'is not due to the fault of the party not mistaken but rather to the negligence of the party who acted under the mistake.'" *Id.* (quoting *Holt*, 678 A.2d at 423)

*Baribault*, 236 A.3d at 118-19.

[3] Any other claims raised in this appeal that were not raised in the trial court or addressed by that court have been waived for purposes of appeal. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) ("Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").
**(Footnote continued on next page…)**

However, upon review, we have determined that this matter was ably disposed of in the comprehensive and well-reasoned Opinion of the Honorable Scott P. Bittner disposing of the Commonwealth's Motion to Enforce Settlement. Accordingly, we affirm the trial court's order on the basis of the Opinion in *Freedom Bey v. Department of Corrections, d/b/a State Correctional Institution at Somerset, a/k/a SCI Somerset* (C.P. Som., No. 307-CIVIL-2015, filed March 3, 2021).

_____
MICHAEL H. WOJCIK, Judge

---

Additionally, an appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below. *In Re Lehigh County Constables*, 172 A.3d 712, 717 (Pa. Cmwlth. 2017). Moreover, any appellate claims that Inmate did not raise in his Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal (Statement) have been waived and will not be addressed on this basis as well. As the Pennsylvania Supreme Court has explained:

> Our jurisprudence is clear and well[]settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) [S]tatement, when so ordered; any issues not raised in a Rule 1925(b) [S]tatement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle . . . that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Statement] pursuant to Pa. R.A.P. 1925. Any issues not raised in a Pa. R.A.P. 1925(b) [S]tatement will be deemed waived."

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (citation and footnote omitted).

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Freedom Bey, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 120 C.D. 2020 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Corrections d/b/a | : | |
| State Correctional Institution at | : | |
| Somerset a/k/a SCI-Somerset | : | |

# **O R D E R**

AND NOW, this 30th day of December, 2021, the order of the Somerset County Court of Common Pleas dated January 10, 2020, is AFFIRMED.


_____

MICHAEL H. WOJCIK, Judge